**STATE of Missouri, Respondent,**

v.

**Delia Maxine MAYO, Appellant.**

**No. 56547.**

Supreme Court of Missouri, Division No. 2.

Dec. 11, 1972.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Sp. Asst. Atty. Gen., St. Louis, for respondent.

Arthur B. Cohn, Waynesville, for appellant.

MORGAN, Presiding Judge.

Charged with first degree murder for the killing of her husband, defendant was found guilty of second degree murder by a jury which assessed her punishment at confinement for a term of ten years. Section 559.030, RSMo 1969, V.A.M.S.

Nothing could be gained by relating the factual details surrounding the episode. It

is sufficient to record that the deceased was shot and mortally wounded in a tavern near Fort Leonard Wood, Missouri, on November 6, 1969.

One point is submitted on appeal, i. e., "the court erred in not striking and having the jury disregard the evidence by the state as to an alleged prior stabbing of the deceased by the defendant . . . ." The now challenged "evidence" consisted primarily of the following question propounded by the prosecuting attorney to the defendant, during cross-examination, and her answer, to-wit: "Q. Did you ever stab your husband in the abdomen? A. No, sir." No objection was made by the defense, but, as stated in defendant's brief: "After both sides had rested and the case was ready for submission to the jury, the defendant objected to this testimony as being irrelevant and immaterial" and asked that it be stricken. The request was denied. As the state suggests, it is a long standing and universally recognized rule of law that such an alleged error must be preserved by a proper and timely objection. State v. Higginbotham, 335 Mo. 102, 72 S. W.2d 65; State v. May, Mo., 479 S.W.2d 451.

Nevertheless, in an effort to add some finality to the case, we gratuitously dispose of the point submitted, as was done in Higginbotham, supra, 72 S.W.2d at l.c. 68[2], by declaring that ". . . we think the evidence was competent and should have been admitted even if the defendant had made timely objection."

Defendant elected to exercise her option under Section 546.260 and voluntarily offered herself as a witness in her own behalf to establish that she acted in self-defense, an issue which was submitted to but obviously rejected by the jury. That section provides, in part, that when a defendant elects to testify: ". . . [she] shall be liable to cross-examination, as to any matter referred to in [her] examination in chief, and may be contradicted and im-peached as any other witness in the case . . . ."

During her examination in chief, defendant testified as to numerous assaults upon her by deceased during their tumultuous marriage. Such evidence was before the jury for its consideration of the court's instruction that the "rash, turbulent and violent disposition" of the deceased was relevant to the degree of "apprehension" of the defendant in connection with her testimony that she acted in self-defense. Furthermore, it tended to characterize defendant as the helpless victim of the deceased husband's angry attacks. In response thereto, the state was not required to stand mute but could explore the details of the prior encounters to illuminate a matter already put in evidence by the defendant on direct examination. "The statute has never been given such a narrow construction as to limit the defendant's cross-examination to a mere categorical review of the matter testified to in the direct examination, but it may extend to any matter referred to or within the fair purview of such examination. [Citations.]" State v. Glazebrook, Mo., 242 S.W. 928, 931[4]. There is nothing in the record to indicate that the state was seeking to prejudice defendant by establishing the commission of a crime separate and distinct from that in question. To the contrary, the record reflects a legitimate effort to challenge defendant's version of the facts available for consideration by the jury. State v. Revard, 341 Mo. 170, 106 S.W.2d 906; State v. Jackson, 340 Mo. 748, 102 S.W.2d 612.

The state, also, submits that such an attack on defendant's direct testimony was proper under that portion of the statute allowing "impeachment" of a defendant-witness, in that, it was done actually to "discredit the veracity" of the defendant in connection with her effort to create an "image of helplessness." State v. Swisher, 364 Mo. 157, 260 S.W.2d 6; State v. Dees, 276 S.W.2d 201; State v. Hartwell, Mo.,

293 S.W.2d 313; State v. Brown, Mo., 312 S.W.2d 818. The argument is consistent with the existing law.

Finding no error, the judgment is affirmed.

All of the Judges concur.