**Delia Maxine MAYO, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 9894.**

Missouri Court of Appeals, Springfield District.

June 6, 1975.

Motion for Rehearing or to Transfer to Supreme Court overruled June 17, 1975.

Application to Transfer Denied July 14, 1975.

Paul Crider, Jr., John D. Wiggins, Rolla, for movant-appellant.

John C. Danforth, Atty. Gen., K. Preston Dean, II, Asst. Atty. Gen., Jefferson City, for respondent.

BILLINGS, Chief Judge.

Appellant Delia Maxine Mayo sought post-conviction relief under Rule 27.26 V.A. M.S., from her ten-year prison sentence for second degree murder of her husband. The Circuit Court of Maries County sustained the state's motion to dismiss appellant's motion. We affirm.

Appellant was convicted by a jury in 1970 of the shooting-slaying of her spouse. Her direct appeal was ruled and the judgment affirmed by the Supreme Court in State v. Mayo, 487 S.W.2d 539 (Mo.1972). Appellant's sole point, not properly preserved for appellate review but nevertheless considered and ruled, was directed to her cross-examination. She was asked if she had ever stabbed her husband in the abdomen, and she replied in the negative. The court concluded no error was committed.

In 1973 appellant sought federal habeas corpus relief from her incarceration in the United States District Court for the Western District of Missouri. Mayo v. Stoll, No. 73 CV–100–W–1 (W.D.Mo., August 16, 1973). She alleged she was denied due process of law by the prosecutor's "knowing use during cross-examination of evidence which had no basis in fact."

Appellant's petition for writ of habeas corpus was dismissed without prejudice, the memorandum and order noting that the federal constitutional challenge to the prosecuting attorney's actions was never presented to our Supreme Court and appellant had, therefore, failed to exhaust her adequate and available state remedies regarding the issue.

Appellant then instituted this proceeding. As grounds for relief she alleged: "Petitioner denied due process of law by prosecutor's knowing use during cross-examination of evidence which had no basis in fact—that is, evidence that the accused had on a prior occasion stabbed her husband, which constituted use of false testimony, which left a false impression with the jury when no opportunity presented itself for rebuttal."

The state's motion to dismiss these proceedings recites that appellant's allegation was specifically raised and ruled adversely to appellant on direct appeal and consequently her Rule 27.26 motion failed to state any ground for relief. The motion to dismiss was sustained, and appellant's motion to vacate sentence and judgment dismissed.

■ The trial court's sustention of the state's motion to dismiss appellant's Rule 27.26 motion is equivalent to findings of fact and conclusions of law when the basis of the ruling sufficiently appears in the record. Smith v. State, 513 S.W.2d 407 (Mo. banc 1974), cert. denied, 420 U.S. 911, 95 S.Ct. 832, 42 L.Ed.2d 841 (1975). The instant motion to vacate presented no issues requiring findings of fact and conclusions of law and was subject to summary dismissal by the trial court. Hogshooter v. State, 514 S.W.2d 109 (Mo.App.1974).

■ The appellant's complaint was considered in detail and rejected on direct appeal and cannot be reconsidered in a post-conviction proceeding. Sweaza v. State, 515 S.W.2d 499 (Mo. banc 1974); Perryman v. State, 506 S.W.2d 480 (Mo.App.1974). Neither can a Rule 27.26 proceeding ordinarily be used as a substitute for direct appeal involving mere trial errors (Rule 27.-26(b)(3)), and error in the admission of evidence is mere trial error not cognizable in Rule 27.26 proceedings. O'Neal v. State, 486 S.W.2d 206 (Mo.1972); Perryman v. State, supra.

■ The appellant's assertion that the question propounded by the prosecutor deprived her of her constitutional right to due process of law is not sufficient to elevate the status of trial error to constitutional standards. Jones v. State, 504 S.W.2d 231 (Mo.App.1973); O'Neal v. State, supra.

The judgment is affirmed.

All concur.