**Henry Lee McCOY, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 41902.**

Missouri Court of Appeals,
Eastern District,
En Banc.

Jan. 6, 1981.

Robert C. Babione, Public Defender, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

REINHARD, Judge.

Movant appeals from the denial of his Rule 27.26 motion. He had entered pleas of guilty to six charges of robbery first degree and one charge of attempted robbery. The court sentenced him to six concurrent ten-year sentences on the robbery charges and one five-year sentence on the attempted robbery charge, the latter to run consecutively with one of the robbery charges.

Subsequently, the movant filed this Rule 27.26 motion. An attorney was appointed for him, and the motion was amended to include ten factual allegations as to how defendant's guilty plea was involuntary and twelve factual allegations as to how his counsel was ineffective. The court held an evidentiary hearing. The only evidence presented on behalf of the movant was his own testimony. The state presented as evidence the testimony of movant's privately selected counsel at the time of his pleas of guilty.

On appeal, movant contends the trial court erred by failing to make specific findings of fact and conclusions of law on the voluntariness of his guilty pleas and on the effectiveness of his counsel, as required by Rule 27.26(i). We disagree.

In its findings of fact and conclusions of law, which comprises ten pages of the transcript, the court fully detailed each of the movant's allegations. The court specifically found that the testimony of movant was not credible and was unworthy of belief. With this finding in mind, the court then stated that it had considered each and every ground as set forth in movant's motion and found that movant had failed to establish by the preponderance of the evidence the grounds alleged in his motion.

In this case, we believe the findings are sufficient for us to make the kind of review contemplated by Rule 27.26(j). *Fields v. State*, 572 S.W.2d 477, 483 (Mo. banc 1978). We have no trouble determining from the findings of the court that each of the factual allegations raised in the motion was not supported by the evidence because the court failed to believe the movant's testimony as to each of those allegations. Only if the court had believed the movant's testimony could it have ruled in movant's favor. We therefore affirm the judgment of the trial court.

We do not believe that it was the intention of the Supreme Court in the adoption of Rule 27.26(i) or in the pronouncement in *Fields* to require all findings of fact and conclusions of law to be identical in form. To expect 300 circuit and associate circuit judges, in effect, to follow a printed form for findings of fact and conclusions of law would be absurd. If the findings of fact and conclusions of law sufficiently cover all points so as to permit meaningful appellate review of the court's judgment, then those findings of fact and conclusions of law should be sufficient.

Judgment affirmed.

KELLY, C. J., and DOWD, WEIER, SNYDER, CRIST and SATZ, JJ., concur.