**Leon LEWIS, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 42925.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 22, 1981.

Stephen C. Moore, Clayton, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George Westfall, Pros. Atty., Clayton, for respondent.

CLEMENS, Judge.

Movant (hereafter "defendant") appeals the denial of his Rule 27.26 motion. He had

previously been found guilty of burglary and stealing and that judgment was affirmed. *State v. Lewis*, 576 S.W.2d 564 (Mo.App.1978).

 By his motion to vacate defendant first contends trial counsel was ineffective in failing to call two alibi witnesses, and also that the court erred in excluding the hypothetical opinion of another lawyer as to how he would have conducted the defense.

At the evidentiary hearing defendant's mother testified she had told defense counsel of an alibi; a co-indictee testified he told defense counsel he would testify defendant did not participate. Neither was called to testify.

Defense counsel acknowledged that in preparing for trial he talked with both the mother and the co-indictee; he said neither promised to testify, and in his judgment it was best not to call them.

In its order denying defendant's motion the trial court found the facts to be as defense counsel had testified, and concluded his assistance was adequate and effective.

Trial counsel is presumably competent. *Williams v. State*, 566 S.W.2d 241[1–4] (Mo.App.1978). We hold defendant failed to sustain his heavy burden of showing the contrary. Compare *Seales v. State*, 580 S.W.2d 733[3] (Mo.1979).

By defendant's other point he contends the trial court erred in barring another attorney's opinion as to how a reasonably competent lawyer would have defended the case.

 Attorney James Whitney testified for defendant. When it became apparent Mr. Whitney was laying a foundation for an opinion on adequacy of trial counsel, state's counsel objected to this, on ground the opinion would invade the court's power. The court initially denied the state's objection. Mr. Whitney then began telling, still over objection, how he would have defended the case. Finally, the court sustained the state's objections. It ruled Mr. Whitney's testimony invaded the court's province in deciding the issue of trial counsel's competency. In this, the court was correct.

Opinion evidence is proper only when the trier of fact, from want of experience or knowledge, is unable to draw a proper conclusion. *Cole v. Uhlmann Grain Co.*, 340 Mo. 277, 100 S.W.2d 311[12–18] (1937). In the court tried case of *Schmitt v. Pierce*, 344 S.W.2d 120[6, 7] (Mo.banc 1961), the court ruled opinion testimony should not be received "where the trier of facts is as capable as the witness of drawing conclusions from the facts proved."

We hold here the trial court was as qualified as the witness to form an opinion on trial counsel's competency. No error in excluding the proffered opinion.

Judgment affirmed.

CRIST, P. J., and REINHARD and SNYDER, JJ., concur.