Clarence TAMMONS, Movant,

v.

STATE of Missouri, Respondent.

No. 49023.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 19, 1985.

William J. Shaw, Public Defender, Clayton, for movant.

John Munson Morris, Asst. Atty. Gen., Jefferson City, for respondent.

CRANDALL, Judge.

Movant, Clarence Tammons, pled guilty to the charges of sexual abuse in the first degree, robbery in the second degree, and receiving stolen property. He was sentenced as a persistent offender to concurrent terms of imprisonment for ten years, ten years and seven years, respectively. He then filed a Rule 27.26 motion alleging ineffective assistance of counsel. Al-

though not included in the record on appeal, the State apparently filed a motion to dismiss. On August 4, 1984, the following order was entered by the trial court:

State's Motion to Dismiss called. Defendant appears with counsel Paul Fox. State appears through Assistant Prosecuting Attorney Nancy Smith. Argument heard.

After a review of the underlying files in this cause and the transcript of the plea and sentencing, and the Court being duly advised in the premises, State's Motion to Dismiss is SUSTAINED.

Movant appeals from that order. We reverse and remand.

Rule 27.26(i) requires that "[t]he court shall make findings of fact and conclusions of law on all issues presented, whether or not a hearing is held." *Fields v. State*, 572 S.W.2d 477, 483 (Mo. banc 1978). The requirement applies to cases where the motion court has sustained a State motion to dismiss the 27.26 motion. *Tettamble v. State*, 684 S.W.2d 67 (Mo.App.1984); *Brauch v. State*, 611 S.W.2d 406, 407 (Mo. App.1981); *Turnbough v. State*, 574 S.W.2d 400, 404 n. 5 (Mo. banc 1978). Appellate review is "limited to a determination of whether the findings, conclusions, and judgment of the trial court are clearly erroneous." Rule 27.26(j). Obviously if the trial court does not comply with Rule 27.26(i), there cannot be proper appellate review under 27.26(j). *Fields*, 572 S.W.2d at 483. We therefore hold that the trial court erred.

The order of the trial court is reversed and the cause is remanded with directions to enter findings of fact, conclusions of law and a judgment. In view of our holding, we do not reach the issue of whether or not movant is entitled to an evidentiary hearing.

DOWD, P.J., and CRIST, J., concur.