Stephen MORRIS, Appellant,

v.

STATE of Missouri, Respondent.

No. 48802.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 12, 1985.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
May 17, 1985.

Application to Transfer Denied
June 25, 1985.

Holly G. Simons, Columbia, for appellant.

John Ashcroft, Atty. Gen., Leah A. Murray, Asst. Atty. Gen., Jefferson City, for respondent.

CLEMENS, Senior Judge.

Movant Stephen P. Morris, hereafter "defendant", had been found guilty on two counts of felonious assault. We affirmed that judgment. See *State v. Morris*, 665 S.W.2d 372 (Mo.App.1984).

Before us now is defendant's appeal from the summary denial of his Rule 27.26 motion. He first contends the motion court erred in not making findings of fact and conclusions of law as required by Rule 27.26(i).

The challenged order:

"The Court does find that movant fails in all three of his points to allege any facts which would entitle him to relief, fails to show any prejudice from the alleged ineffective assistance of counsel, and thus fails to present any issues which require findings of fact and conclusions of law."

The motion court cited *Mayo v. State*, 524 S.W.2d 181[1] (Mo.App.1975), holding that reciting the words "findings of fact and conclusions of law" were unnecessary when the ruling's basis appears in the record. The quoted order here did just that.

One other specific error briefed is that the motion court denied the challenge to counsel's failure to investigate the charges. By his motion defendant had pled that counsel had failed to call favorable but unnamed witnesses and had failed to interview state witnesses before trial.

The record fails to support any of these charges: First, defendant does not state what a pre-trial investigation would have revealed. Second, he neither named the uncalled witnesses nor says what their testimony would have been. Third, the record shows trial counsel did in fact interrogate state witnesses before they testified.

Defendant's Rule 27.26 motion did not meet established requirements. In *Lewis v. State*, 623 S.W.2d 562[1, 2] (Mo.App. 1981), we ruled trial counsel is presumably competent and defendant has a heavy burden to show the contrary. And, in *Gentile v. State*, 637 S.W.2d 30[1] (Mo.App.1982), we held our review is limited to whether the motion court's denial of relief was clearly erroneous, and we affirm absent our definite and firm belief the motion court erred.

Adhering to those principles we affirm the summary denial of defendant's Rule 27.26 motion.

DOWD, P.J., and CRANDALL, J., concur.