**Raymond FEEMSTER, Movant/Appellant,**

v.

**STATE of Missouri, Respondent/Respondent.**

No. 49387.

Missouri Court of Appeals, Eastern District, Division Four.

May 13, 1986.

Henry Robertson, St. Louis, for movant/appellant.

John Munson Morris, III, Office of the Atty. Gen., Jefferson City, for respondent/respondent.

CRANDALL, Presiding Judge.

Movant, Raymond Feemster, appeals from the dismissal with prejudice of his Rule 27.26 motion without an evidentiary hearing. We reverse and remand.

Movant was convicted by a jury of three counts of assault in the first degree, § 565.050, RSMo 1978, and was sentenced to three consecutive terms of imprisonment of ten years each. His conviction was affirmed on direct appeal. *State v. Feemster*, 628 S.W.2d 367 (Mo.App.1982).

Movant filed a pro se Rule 27.26 motion to vacate sentence. In the motion, he alleged that he was denied effective assistance of counsel in that trial counsel had failed to file a motion to challenge the affidavit of a police officer and to suppress the search warrant. Counsel was appointed to represent movant in the Rule 27.26 proceeding, but did not amend the pro se motion. The trial court dismissed the motion with prejudice without making findings of fact or conclusions of law.

In his first point, movant argues that the trail court erred in that it did not enter findings of fact and conclusions of law, as required by Rule 27.26(i). Findings of fact and conclusions of law are required where the motion court has sustained the state's motion to dismiss the Rule 27.26 motion. *Tammons v. State*, 686 S.W.2d 552, 553 (Mo.App.1985). Appellate review is "limited to a determination of whether the findings, conclusions, and judgment of the trial court are clearly erroneous." Rule 27.26(j). It is axiomatic that, if the trial court does not comply with the Rule 27.26(i), there can be no meaningful appellate review under 27.26(j). *Tammons*, 686 S.W.2d at 553. It is not within the purview of the appellate court to consider the judgment of the trial court in a vacuum, absent findings of fact and conclusions of law.

The trial court should have entered findings of fact and conclusions of law on the issues raised in movant's Rule 27.26 motion. Only then can this court perform its function of reviewing the issues raised therein.[1]

The order of the trial court is reversed and the cause is remanded for further proceedings consistent with this opinion.

KELLY and PUDLOWSKI, JJ., concur.

---

1. On remand, counsel for movant should again be given the opportunity to fully comply with the requirements of Rule 27.26(h).