Kelvin Shelby MALONE, Appellant,

v.

STATE of Missouri, Respondent.

No. 53613.

Missouri Court of Appeals,
Eastern District,
Division Four.

March 8, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 6, 1988.

David C. Hemingway, St. Louis, for appellant.

William L. Webster, Atty. Gen., Elizabeth Levin Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

SIMON, Presiding Judge.

Movant, Kelvin Shelby Malone, challenges the dismissal of his motion for post-conviction relief under Rule 27.26 wherein he sought to vacate his conviction for capital murder and death sentence imposed in the State of Missouri. Movant's conviction was affirmed on direct appeal in *State v. Malone*, 694 S.W.2d 723 (Mo. banc 1985), *cert. denied*, 476 U.S. 1165, 106 S.Ct. 2292, 90 L.Ed.2d 733 (1986).

On appeal, movant asserts that the trial court erred in dismissing his motion because: (1) the trial court failed to make any findings of fact or conclusions of law, and (2) the failure to make findings and conclusions violates the Eighth Amendment's mandate of heightened accuracy in the administration of the death sentence. Movant asserts alternatively, if it is deemed that the trial court made findings and conclusions, then the summary dismissal of his motion, based upon the reasons contained in the state's motion to dismiss, is erroneous because: (3) his Missouri sentence is not contingent upon the completion of his California sentence, and (4) it denies movant his right to the remedy of habeas corpus. Affirmed.

On June 30, 1987, at a prehearing conference held on movant's 27.26 motion, the state presented a handwritten motion, on a pre-printed court form, to dismiss movant's claim. The state's motion recited:

Movant appears through his attorney Dorothy Hirzy, State appears through Keith Larner. State moves to dismiss Movant's Motion 27.26 for the reason that Movant is presently incarcerated in the State of California, and therefore, Movant is not *"in custody" under sentence* for purposes of invoking Rule 27.-26 in Missouri. As the Movant is not in actual custody in Missouri under a Missouri sentence but instead is confined elsewhere, Rule 27.26 does not require a hearing and State moves for dismissal. *Davis v. State*, 600 S.W.2d 182 (Mo.App. 1980); *Lalla v. State*, 463 S.W.2d 797 (Mo.1971).

The trial judge signed the state's motion underneath the form's pre-printed state-

ment "SO ORDERED." A notation identical to the state's motion was entered in the court's minutes of the proceedings dismissing movant's 27.26 motion.

Prior to the prosecution of movant in Missouri for the capital murder offense which underlies the basis of his 27.26 motion, movant was incarcerated in California under a death sentence rendered in that state. Missouri lodged a detainer against movant. Pursuant to Article III of the Agreement on Detainers, movant filed a request for the disposition of the Missouri charge. § 217.490, RSMo (1986) (all further references shall be to RSMo (1986)). Pursuant to Article V of the Agreement, the California Department of Corrections made an offer to deliver temporary custody of movant to Missouri so that he could be brought to trial on the Missouri charge. Temporary custody of movant was accepted by the prosecuting attorney of St. Louis County, Missouri.

On April 26, 1984, following movant's capital murder trial in Missouri, the trial court sentenced movant to death in accordance with the verdict of the jury and directed that movant be delivered to the Warden of the State Penitentiary at Jefferson City, Missouri, to await execution. However, the trial court on the same day, amended its order after being advised that movant remained in the custody of the Department of Justice Services of California under a temporary custody agreement of detainer with Missouri. The trial court declared:

The Court's Order of April 26, 1984, is hereby amended, directing that said [movant], Kelvin Shelby Malone, be transported to the Department of Corrections, San Quenton State Prison, Tamal, California, pursuant to the agreements made between the State of California and the Prosecuting Attorney of St. Louis County, Missouri, until such time as the Supreme Court of Missouri shall set the time for execution of such death sentence, at which time said [movant] shall be returned to the Warden of the State Penitentiary at Jefferson City, Missouri, in accordance with the agreement of detainers between the State of Missouri and the State of California.

On June 17, 1986, after the United States Supreme Court denied certiorari on movant's direct appeal, the Missouri Supreme Court entered an order setting movant's execution for July 22, 1986. The terms of the order provided that "[u]pon the condition that [movant] shall on or before July 17, 1986, file his Rule 27.26 motion in the appropriate court, ... the execution shall be stayed until August 21, 1986." The order also provided that:

[a]ny further stay of the execution herein ordered shall be granted only upon the following conditions:

(a) That application therefor be made to this Court with notice to the warden of the Missouri State Penitentiary, to the attorney general, and to Kelvin Shelby Malone; and

(b) That said application contain a certificate from the presiding judge of the Circuit Court in which the Rule 27.26 motion is pending certifying the time necessary for disposition of the matter, not to exceed one 90–day stay;

(c) Any additional stays granted shall be upon the same terms and conditions but not to exceed 30 days each;

(d) If an appeal of the ruling on the 27.26 motion is filed and notice thereof given to this Court, the warden of the Missouri State Penitentiary, the attorney general, and Kelvin Shelby Malone, the execution shall be stayed until the further order of this Court.

Movant filed his 27.26 motion pro se on July 3, 1986. The motion shows that movant is currently incarcerated at a correctional institution in Tamal, California under a California sentence. Following consultation with appointed counsel, an amended 27.26 motion was filed which raised twenty-two claims including: the denial of due process, equal protection and fair trial by the trial court's failure to dismiss the case as not having been brought within the 180 day limit under the Uniform Mandatory Disposition of Detainers Law; the denial of equal protection in the state's use of peremptory strikes to exclude all blacks from movant's jury; the denial of effective coun-

sel under the Sixth Amendment; and the denial of constitutional rights in the restriction of mitigating evidence. On June 30, 1987, movant's 27.26 motion was dismissed. On July 15, 1987, the Missouri Supreme Court entered an order providing that "[a]ppellant's [movant's] motion for stay of execution sustained pending disposition of Rule 27.26 motion."

In his first point on appeal, movant claims that the trial court erred in failing to make any findings of fact and conclusions of law as required by Rule 27.26(i) and *Fields v. State,* 572 S.W.2d 477 (Mo. banc 1978). Movant argues that the trial court's signature under the printed words "SO ORDERED" on the state's motion to dismiss is deficient and requires speculation to conclude that the trial court accepted the state's motion as its own findings and conclusions.

■ It is well settled that Rule 27.26(i) requires that the motion court "shall make findings of fact and conclusions of law on all issues presented, whether or not a hearing is held." *See Fields v. State,* 572 S.W.2d at 483. This requirement applies regardless of whether the motion court has held a hearing on the merits of the 27.26 motion or has only sustained a motion to dismiss. *See Tettamble v. State,* 684 S.W.2d 67 (Mo.App.1984).

■ The purpose of findings of fact and conclusions of law is to provide for meaningful appellate review of the motion court. *Leigh v. State,* 673 S.W.2d 788, 790 (Mo. App.1984). Consistent with this purpose, we have held that when the motion court has made findings on all issues sufficient to permit meaningful appellate review of the motion court's judgment, the requirements of Rule 27.26(i) have been satisfied. *Gilmore v. State,* 741 S.W.2d 704, 706 (Mo. App.1987). *See Mercer v. State,* 666 S.W. 2d 942, 947 (Mo.App.1984) and cases cited therein. Likewise, remand is not required for further findings and conclusions if those that appear in the record are sufficient for the reviewing court to determine the correctness of the motion court's ruling. *Mercer,* 666 S.W.2d at 947. In accordance with these principles, it has been

held that "generalized findings" may be sufficient if they enable the reviewing court to review the movant's contentions. *Seltzer v. State,* 694 S.W.2d 778, 779 (Mo. App.1985). And, recitation of the words "finding of fact and conclusions of law" is not required when the basis of the motion court's ruling appears in the record. *Morris v. State,* 690 S.W.2d 818, 819 (Mo.App. 1985).

We have carefully examined the cases upon which movant relies. In *Brauch v. State,* 611 S.W.2d 406 (Mo.App.1981), we ruled that the motion court's written order dismissing the movant's 27.26 motion, "for the reasons stated in the States (sic) motion to dismiss[,]" was insufficient. *In Tettamble v. State,* 684 S.W.2d 67 (Mo.App.1984), we held that the dismissal of a 27.26 motion was erroneous where the motion court ruled:

> "Cause called: movant appears by [counsel]; state appears [by counsel]; state's motion to dismiss is presented, argued and submitted to the court; the court being fully advised in the premises does hereby sustain state's motion to dismiss. It is so ordered."

*Id.* at 67. The same result was reached in *Tammons v. State,* 686 S.W.2d 552 (Mo. App.1985), where we ruled that the motion court's findings and conclusions were deficient in only reciting:

> State's Motion to Dismiss called. Defendant appears with counsel Paul Fox. State appears through Assistant Prosecuting Attorney Nancy Smith. Argument heard.
>
> After a review of the underlying files in this cause and the transcript of the plea and sentencing, and the Court being duly advised in the premises, State's Motion to Dismiss is SUSTAINED.

*Id.* at 553.

■ The cases relied on by movant are clearly distinguishable. In none did the motion court actually express a reason for the dismissal. The orders ambiguously referred to extraneous motions, files, and transcripts. Here, the dismissal was predicated on the specific reason set forth in the state's motion to dismiss—i.e., movant is not in Missouri custody under Missouri sen-

tence—a legitimate ground for dismissal without prejudice under *Lalla v. State*, 463 S.W.2d 797 (Mo.1971). It seems clear that by signing the state's motion to dismiss under "SO ORDERED" and by having an identical notation entered on the minutes of the proceedings dismissing movant's motion, the motion court intended to, and did, adopt the state's grounds in its motion to dismiss as the motion court's basis for dismissal. We hasten to add that we are not recommending the practice of adopting the state's motion to dismiss as findings of fact and conclusions of law. The preferable practice is for the trial court to prepare its own specific findings of fact and conclusions of law so as to better insure that all issues raised are addressed and that erroneous allegations of fact or law made in a state's motion are not incorporated in a court order. *Leady v. State*, 714 S.W.2d 221, 222 (Mo.App.1986). However, such practice is not "per se clearly erroneous." *Id.* And, where, as here, the findings and conclusions are sufficient to permit meaningful appellate review, they are sufficiently specific. Point denied.

Having concluded that the findings and conclusions of the motion court sufficiently meet the requirements of Rule 27.26(i), movant's second point—i.e., the trial court's failure to make findings and conclusions violates the Eighth Amendment's mandate of heightened accuracy in the administration of the death penalty—is not meritorious.

We now reach the dispositive issue in the case: whether the motion court erred in dismissing movant's 27.26 motion for the reasons contained in the state's motion to dismiss as adopted by the motion court. Existing precedent indicates that the dismissal was proper.

In *Lalla v. State*, 463 S.W.2d 797 (Mo. 1971), the movant had been released from federal custody to Missouri authorities for trial. He was convicted and sentenced, and was then returned to federal custody where he was tried, convicted, sentenced, and incarcerated under the federal sentence in a federal penitentiary in another state. The movant filed a 27.26 motion seeking to vacate his Missouri conviction, but the motion was dismissed by the trial court because the movant was not, as required by Rule 27.26, "in custody in Missouri under the sentence sought to be vacated." *Lalla*, 463 S.W.2d at 797. Our Supreme Court affirmed the dismissal specifically holding that the terms "in custody under sentence" as used in Rule 27.26, "means actual custody in Missouri under a Missouri sentence, and the rule does not require a hearing when the [movant] is confined elsewhere." *Id.* at 801. The court reasoned, "Missouri has not denied defendant a post-conviction remedy; it has merely said that, not having him within its custody, a hearing on the matter will be postponed until he is available (and in custody) in Missouri." *Id.* at 798. The court stated that the dismissal of a 27.26 motion, based on the grounds that a movant is not in actual custody in Missouri, is not an adjudication on the merits of the motion and the movant is free to present the motion at the proper time. (i.e., when in the actual custody of Missouri under a Missouri sentence). *Lalla*, 463 S.W.2d at 801.

Here, movant argues *Lalla* is distinguishable because Missouri claims an immediate right to control his liberty and incarceration for the purpose of executing him. Movant argues that the amended trial court order of April 26, 1984, and the Supreme Court's order dated June 17, 1986, demonstrates that Missouri has asserted control over movant and has claimed the authority to have movant produced at any time his execution date is set and, therefore, movant is in "custody" for purposes of Rule 27.26.

We are not persuaded that the orders to which movant refers have the efficacy which he claims. It is undisputed that movant was brought to trial in Missouri pursuant to the Agreement on Detainers. Article V, Section 4 provides in pertinent part:

> The temporary custody referred to in this agreement shall be only for the purpose of permitting prosecution on the charge or charges contained in one or more untried indictments, informations, or complaints which form the basis of the detainer or detainers or for prosecution on any other charge or charges arising out of the same transaction.

§ 217.490, RSMO. Article V, section 5 provides that "[a]t the earliest practicable time consonant with the purposes of this agreement, the prisoner will be returned to the sending state." *Id.* Article V, section 7 provides in pertinent part:

For all purposes other than that for which temporary custody as provided in this agreement is exercised, *the prisoner shall be deemed to remain in the custody of and subject to the jurisdiction of the sending state....*

*Id.* (emphasis added). "Sending state" is defined as the "state in which a prisoner is incarcerated at the time that he initiates a request for final disposition [of an indictment, information or complaint, pending in another state] ..." Article II, section 2 Agreement on Detainers. *Id.* There is no provision in the Agreement on Detainers that provides for the return of a prisoner to a receiving state, for the purpose of serving a sentence imposed by the receiving state. "Receiving state" is defined as "the state in which the trial is to be had on an indictment, information or complaint pursuant to ... the agreement." *Id.*

In *Lalla,* decided prior to the enactment of the Agreement on Detainers, our Supreme Court assumed that a detainer was filed by Missouri with the federal authorities to obtain custody over Lalla, for the purpose of subjecting him to sentence, subsequent to his return to federal authorities after his Missouri trial. The court rejected Lalla's argument that the detainer constituted constructive custody and went on to state that:

It must be conceded that the return of this defendant to Missouri upon any writ issued by Missouri courts would be purely discretionary with the United States Attorney General. *Little v. Swenson* (DC Mo.), 282 F.Supp. 333 and cases cited; Title 18 U.S.C., § 4085; and the request for any such return is required to come from the Governor or "the executive authority" of the state, not from the courts.

*Lalla,* 463 S.W.2d at 799.

■ Likewise, the return of movant herein to Missouri upon any writ issued by Missouri courts would be a discretionary matter with California authorities. As a general rule the jurisdiction of a state does not extend beyond its boundaries. *Gerhard v. Terminal Railroad Ass'n of St. Louis,* 299 S.W.2d 866, 869 (Mo. banc 1957). It is also generally true that a court's jurisdiction in personam is confined to persons within the territorial jurisdiction of the court. *In re Shaw,* 449 S.W.2d 380, 382 (Mo.App.1969). A method to obtain the return of movant would be extradition. *See* 548.051, RSMo; Cal. Penal Code § 1549 (West 1982).

Notwithstanding, movant argues that the Missouri Supreme Court's order dated June 17, 1986, authorized him to file his 27.26 motion before his return to Missouri custody. Movant argues further that the dismissal of his 27.26 motion herein will operate to bar a subsequent reassertion of his right to post conviction relief under Rule 29.15(m). Rule 27.26 was replaced by Rule 29.15, effective January 1, 1988, which provides in pertinent part:

This Rule 29.15 shall apply to all proceedings wherein sentence is pronounced on or after January 1, 1988. If sentence is pronounced prior to January 1, 1988, and no prior motion has been filed pursuant to Rule 27.26, a motion under this Rule 29.15 may be filed on or before June 30, 1988. Failure to file a motion on or before June 30, 1988, shall constitute a complete waiver of the right to proceed under this Rule 29.15. If a sentence is pronounced prior to January 1, 1988, and a prior motion under Rule 27.-26 is pending, post-conviction relief shall continue to be governed by the provisions of Rule 27.26 in effect on the date the motion was filed.

Rule 29.15(m).

■ However, Rule 29.15(a) provides:

*A person convicted of a felony after trial claiming that the conviction or sentence imposed* violate the constitution and laws of this state or the constitution of the United States, that the court imposing the sentence was without jurisdiction to do so, or that the sentence imposed was in excess of the maximum sentence authorized by law *may seek*

*relief in the sentencing court pursuant to the provisions of this Rule 29.15.* (emphasis added). As is apparent, there is no requirement under Rule 29.15 that a person convicted after trial be in Missouri custody in order to institute proceedings under Rule 29.15. *See* J. Morris, Postconviction Practice Under the "New 27.26," 43 J. Mo. Bar 435, 437 (1987). Thus, even though an inmate is incarcerated in another state under a sentence imposed in that state, he may nevertheless seek relief under Rule 29.15 if "convicted of a felony" in Missouri.

In the instant case, movant's 27.26 motion was properly dismissed under the rule announced in *Lalla.* The trial court was without jurisdiction to vacate the judgment under Rule 27.26. *Davis v. State,* 600 S.W.2d 182, 183 (Mo.App.1980). Thus, inasmuch as the trial court lacked jurisdiction, the dismissal is without prejudice. Rule 67.03; *American Industrial Resources, Inc. v. T.S.E. Supply Company,* 708 S.W.2d 806, 808, 809 (Mo.App.1986). A dismissal without prejudice is not an adjudication on the merits. *Ritter v. Aetna Casualty & Ins. Co.,* 686 S.W.2d 563, 564 (Mo.App.1985). Ordinarily, a dismissal without prejudice will not affect the rights or remedies of the parties. *Id.*

Under Rule 29.15(m), if sentence is pronounced prior to January 1, 1988, as here, and no prior motion has been filed pursuant to Rule 27.26, a motion under Rule 29.15 may be filed on or before June 30, 1988. Although a motion has been "filed" by movant pursuant to 27.26, its dismissal *without prejudice* has not affected his right to proceed under Rule 29.15, so long as a motion is filed thereunder on or before June 30, 1988.

For the foregoing reasons the order of the trial court is affirmed.

It is so ordered.

CRANDALL and GRIMM, JJ., concur.