James Lee SHORT, Movant–Appellant,

v.

STATE of Missouri, Respondent–Respondent.

No. 55366.

Missouri Court of Appeals, Eastern District, Division Five.

May 23, 1989.

Susan L. Hogan, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., Christopher M. Kehr, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

SIMEONE, Senior Judge.

Movant appeals from an order and judgment of the circuit court of Perry County entered on August 2, 1988 denying his motion to vacate sentence filed pursuant to Rule 24.035 [1] without an evidentiary hearing. We affirm.

On November 1, 1985, movant was charged, by information in St. Francois County with murder. A motion for change of venue was filed, and sustained and the cause was transferred to Perry County. On May 8, 1986, an amended information was filed in Perry County, with leave and without objection by movant, charging the movant with "murder in the second degree" in violation of § 565.021 R.S.Mo. 1986, for the shooting of his wife, Delores, on September 8, 1985. Movant gave notice of his intent to rely on the defense of mental disease or defect excluding responsibility under § 552.030 R.S.Mo.1986.

---

**1.** Rule 24.035 became effective January 1, 1988. On January 6, 1988, movant filed his *pro se* motion pursuant to Rule "27.26" and after counsel was appointed, counsel filed an amended motion "27.26" on April 11, 1988. The state filed a "motion to dismiss 27.26." Although appellant's motions were filed after January 1, 1988, counsel and the court treated the motions as one arising under Rule 27.26.

On the same day, May 8, that the amended information was filed, movant appeared, personally and by counsel, before the circuit court of Perry County, withdrew his request to enter a plea of not guilty by reason of mental disease or defect and entered an *Alford* plea.[2]

Sometime after the original information was filed, movant was examined by a Dr. Bassett who found appellant to be suffering from a mental disease or defect excluding responsibility, but also found that he was able to assist in his own defense.

Some two weeks before the guilty plea hearing, appellant was also examined by a state hospital physician, Dr. Adolph Herath, whose opinion was that appellant was not suffering from a mental disease or defect, and had so informed the prosecutor and defense counsel the day before the plea hearing. At the plea hearing, the court asked movant whether he "ever felt like [he] had a mental disease or defect that would exclude responsibility" to which appellant replied "no, sir." Defense counsel informed the court that he had explained the elements of second degree murder to movant. The court asked movant whether he "clearly knew" what he was doing in withdrawing his mental disease defense, to which he responded in the affirmative. The court then interrogated appellant at length concerning (1) the amended information reducing the charge to second degree murder, the differences between first and second degree, (2) whether he fully understood the charge, (3) whether he discussed his plea with his attorney, and (4) the fact that before a guilty plea can be accepted, movant must answer certain questions in order for the court to determine that the plea was knowingly, intelligently and voluntarily made, and that his rights would be waived. Movant, under oath, answered the numerous questions propounded by the court. The court determined and the movant admitted that (1) he discussed the case with his attorney, a "dozen times or so"; (2) his attorney interviewed all known witnesses; (3) he was satisfied with the advice of his counsel; (4) he pleaded "guilty" to the charge; (5) he waived his right to a trial by jury, and the right to face his accusers and cross-examine them; (6) the fact that the state had the burden to prove his guilt beyond a reasonable doubt, and that a verdict of guilt would have to be unanimous; (7) he had a right not to incriminate himself, and that all these rights were lost by pleading guilty; (8) by pleading guilty he admits the essential elements of the charge; (9) he was not under the influence of any drugs or alcohol which might affect his ability to reason and know what he was doing; (10) if he went to trial he did not "think" the jury would find him not guilty of second degree murder; (11) he understood the range of punishment; and (12) no plea agreement or bargaining had been made.

Appellant then detailed the events of the shooting of his wife. He stated that he sought to see his wife and when she saw him "I guess I just kind of lost control and followed her car." At a local restaurant, he motioned to her to come over to his truck, "she shook her head no and the next thing I knew the gun was up and I fired it." She died as a result of the shooting. He also attempted suicide.

Movant's counsel explained to the court that he informed movant there was a "great danger of being convicted of murder one" and a "high risk of being convicted of murder two." Appellant admitted, with advice of counsel, that he realized the risk and that is why he wished to enter "this Alford plea" and take his "chances" on "murder second" rather than going to trial on "murder first." Movant admitted that there were no promises or inducements made to cause him to plead guilty. The court then concluded the questioning by inquiring of appellant:

> James, in light of everything that's gone on here today, including the advice of the Court in regard to all your rights,

---

**2.** *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970) permits a defendant to enter a plea of guilty even though he denies participation in the crime or protests his innocence, when he concludes that his best interests would be served by entering a guilty plea and the record evidences guilt.

is it still your desire to enter a plea of guilty to this charge of murder in the second degree?

A. Yes, sir.

The court found the guilty plea was made knowingly, intelligently and voluntarily, with a full understanding of the charge and the consequences of his plea, and that there was a factual basis for the plea. The court accepted the plea, ordered a pre-sentence investigation and set the date for sentencing. On June 13, 1986, the court sentenced the appellant to life imprisonment.

On January 6, 1988, appellant filed his post-conviction motion *pro se*. Counsel was appointed and filed an amended motion. In his *pro se* motion he alleged that he was denied effective assistance of counsel because counsel permitted him to plead guilty when appellant was not competent to assist in his own defense. The motion stated that movant

[w]as not competent to help in the preparation or assistance of his attorney at the time of trial. Private psychiatric examination revealed that the petitioner was not competent to enter said plea of guilty. Petitioner feels that his counsel was highly ineffective, when he allowed the Honorable Court to sentence and commit petitioner without the proper jurisdiction over petitioner.

The motion also alleged that movant should have been given additional time to regain his composure and aid in defense before pleading guilty.

The amended motion filed by counsel alleged (1) ineffective assistance of counsel, in that counsel allowed the defendant to plead guilty to a charge after defendant had been found to be suffering from a mental disease or defect excluding responsibility for the crime,[3] and (2) denial of due process in that the court allowed defendant to plead guilty to a charge after defendant had been found to be suffering from a mental disease or defect excluding responsibility for the crime.

The state filed a motion to dismiss the motions to vacate, alleging that the motions state conclusions, that the allegations raise issues of trial tactics rather than stating facts which show that the sentence was imposed in violation of the Constitution, and that the allegations are clearly refuted by the record. The motion was argued.[4]

On August 2, 1988, the court issued its findings of fact, conclusions of law and judgment, denying the motion without an evidentiary hearing. The court found that movant failed to allege facts which would warrant an evidentiary hearing, failed to allege any grounds upon which relief could be granted, and that movant is not entitled to an evidentiary hearing because the records and files indicate no grounds for relief. In its order the court concluded that movant's sole ground for setting aside his plea and sentence is that he "claims that he was not competent to assist in his defense." But after "meticulously" questioning him, the court came to the conclusion that movant was able to understand the proceedings and enter a knowing and voluntary plea. The court reviewed the pretrial psychiatric report dated May 1, 1986 filed by Dr. Herath which specifically found that movant was not suffering from a mental disease or defect and did have the capacity to counsel in his own defense.

3. The two motions differ as to the claim of ineffectiveness of counsel. The *pro se* motion alleges counsel was ineffective because he "permitted" movant to enter a plea of guilty because he was not competent to assist in his own defense and the amended motion contended that counsel was ineffective because counsel allowed the defendant to plead guilty because he had been suffering from a mental disease excluding responsibility.

4. At the argument, defense counsel stated that the motion to vacate basically states that movant was denied effective assistance of counsel "because counsel had at the time he allowed the movant to enter a plea of guilty a report filed by Dr. Bassett stating that at the time of the shooting the movant was suffering from a mental disease or defect." "Counsel was ineffective and was not reasonably competent by allowing a plea of guilty to be entered when he had reason to believe that the Defendant was not competent at the time of the shooting and this obviously prejudiced the movant." The prosecutor contended that it was trial strategy.

On appeal, appellant makes two points: He contends that (1) the motion court erred in denying his motion without an evidentiary hearing because (a) he was denied effective assistance of counsel in permitting movant to plead guilty when counsel had a psychiatric report from Dr. Bassett finding that he suffered from a mental disease or defect excluding responsibility which would have provided a defense had the trial proceeded,[5] and (2) the trial court failed to enter specific findings of fact sufficient for purposes of review.

Rule 24.035 provides a procedure for relief to a person convicted of a felony on a plea of guilty who asserts or claims that the judgment imposed violates the law or the constitutions of this state or the United States, that the court imposing the sentence was without jurisdiction to do so, or that the sentence imposed was in excess of the maximum sentence authorized by law. Rule 24.035 is the successor to Rule 27.26 which was repealed by the Supreme Court. The new Rule was enacted to change the timing and procedure under Rule 27.26, and not the scope or substance of Rule 27.26. Since Rule 24.035 did not become effective until January 1, 1988, there are few precedents, but there is, however, abundant authority on the scope, purpose and principles of Rule 27.26 which aids in the disposition of this case.

■ Our review is limited. "Appellate review of the trial court's action on the motion filed under this Rule [24.035] shall be limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 24.035. The trial court's findings, conclusions and order are clearly erroneous only if a review of the entire record leaves the appellate court with a definite and firm impression that a mistake has been made. *Foster v. State*, 748 S.W.2d 903, 905 (1988); *Moton v. State*, No. 55335, —— S.W.2d ——, April 18, 1989; *Richardson v. State*, 719 S.W.2d 912, 915 (Mo.App.1986); *Armour v. State*, 741 S.W.2d 683, 688 (Mo.App.1987).

■ The legal principles relative to granting or denying an evidentiary hearing on a motion to vacate and the standards relating to ineffectiveness of counsel are clear. Under Rule 24.035(g), no evidentiary hearing is required "if the motion and the files and record of the case conclusively show that the movant is entitled to no relief." In order to be entitled to an evidentiary hearing the movant must (1) allege facts, not conclusions, which if true would warrant relief, (2) these facts must raise matters not refuted by the files and record in the case, and (3) the matters complained of must have resulted in prejudice to the movant's defense. *Thomas v. State*, 736 S.W.2d 518, 519 (Mo.App.1987); *Boggs v. State*, 742 S.W.2d 591, 594 (Mo. App.1987); *Haliburton v. State*, 546 S.W.2d 771, 773 (Mo.App.1977).

■ To prevail upon a claim of ineffective assistance of counsel, movant has a heavy burden. In order to prevail on a claim of ineffectiveness of assistance of counsel, a criminal defendant must show (1) that his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances and (2) that he was thereby prejudiced. *Sanders v. State*, 738 S.W.2d 856 (Mo. banc 1987); *Grubbs v. State*, 760 S.W.2d 115, 117 (Mo. banc 1988). Counsel's conduct must so undermine the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result, and counsel's deficiencies must prejudice the defense. The movant must make both showings. "A movant must satisfy *both* the performance prong and the prejudice prong to prevail on an ineffectiveness of counsel claim." *Sanders v. State, supra,* 738 S.W.2d at 857. (Emphasis in original). The trial court, on a claim of ineffectiveness of counsel, must consider the totality of the circumstances. *Strickland v. Washington*, 466 U.S. 668, 691; 104 S.Ct. 2052, 2066, 80 L.Ed.2d 674 (1984); *Hill v. Lock-*

---

**5.** Appellant contends that whether he received effective assistance of counsel so as to render his guilty plea voluntary requires an examination of matters "that lie outside the transcript of the guilty plea."

*hart,*[6] 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)—guilty plea.

Upon a plea of guilty, the effectiveness of counsel is relevant only to the extent that it affects the voluntariness of the plea. *Porter v. State,* 678 S.W.2d 2, 3 (Mo.App.1984); *Armour v. State, supra,* 741 S.W.2d at 688. Upon a guilty plea, movant may attack only the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the reasonable prevailing professional norms, standards, diligence and skills that a reasonably competent attorney would exercise under similar circumstances. *Williams v. State,* 765 S.W.2d 392, 393 (Mo.App.1989); *Richardson v. State, supra,* 719 S.W.2d at 915; *Seales v. State,* 580 S.W.2d 733, 736 (Mo. banc 1979); *Gentile v. State,* 637 S.W.2d 30, 32 (Mo.App.1982). On a guilty plea, the movant claiming ineffective assistance of counsel must establish a serious dereliction of duty which materially affected his substantial rights and show that his guilty plea was not an intelligent or knowing act. *McNeal v. State,* 503 S.W.2d 19, 24 (Mo. App.1973).

We have reviewed the entire record, including the plea transcript in light of the allegations of the motions to vacate filed, in the light of the above legal principles and conclude that the court did not err in denying the motions without an evidentiary hearing.

First, the allegations made in the original and amended motions are conclusory and do not state the necessary and detailed facts concerning the alleged ineffectiveness of counsel by "permitting" movant to plead guilty when there was an opinion by one physician that movant was suffering from a mental disease or defect so as to lack the capacity to understand the proceedings against him or assist in his own defense or so as to exclude responsibility. §§ 552.-020.1, 552.030.1 R.S.Mo.1986.

Second, the allegations made in the motions are clearly refuted by the guilty plea proceeding. The record of the guilty plea reveals that appellant did not contest the fact that he was able to assist in his own defense or that he was not suffering from a mental disease or defect excluding responsibility. The appellant was queried as to whether he "felt like he had a mental disease or defect," and answered the numerous questions propounded by the court. He detailed the events of the shooting; he entered his *Alford* plea after he and his counsel considered, as a matter of strategy, the "great danger" of being convicted of murder in the first degree and the probability of being convicted by a jury of murder in the second degree.

The plea record shows that appellant voluntarily, intelligently and knowingly pleaded guilty and that there was a factual basis for the plea. Although there was the report by Dr. Bassett, the trial court examined the report filed by Dr. Herath and concluded that appellant was not suffering from any mental disease at the time of the guilty plea. The credibility is for the motion court's determination. *Richardson v. State, supra,* 719 S.W.2d at 915.

Under these circumstances, the court did not err in finding appellant was afforded effective assistance of counsel, that the plea was voluntary and that the allegations made in the motions to vacate were refuted by the record and files in the cause.

As to his second point, that the trial court did not make sufficient, specific findings of fact and conclusions of law, thus depriving him of a meaningful review of the allegations made in the motions, we conclude that the findings of fact, conclusions of law and judgment are sufficient for purposes of review.

Rule 24.035(i) provides that the court "shall issue findings of fact and conclusions of law on all issues presented, whether or not a hearing is held ..." The purpose, of course, is to provide for a meaningful appellate review of the order. *McCoy v. State,* 610 S.W.2d 708, 709 (Mo.App. 1981); *Leigh v. State,* 673 S.W.2d 788, 790 (Mo.App.1984); *Fields v. State,* 572 S.W.2d 477, 483 (Mo. banc 1978).

---

**6.** For a full discussion of *Hill v. Lockhart, supra;*

*see Armour v. State, supra,* 741 S.W.2d at 688.

Subject to limited exceptions, *Williams v. State*, 744 S.W.2d 814, 817 (Mo.App.1987), the court is required to issue findings of fact and conclusions on the issues. *Feemster v. State*, 709 S.W.2d 172, 173 (Mo.App.1986), and the findings and conclusions must be made with sufficient specificity so as to allow review. *Moore v. State*, 736 S.W.2d 593, 594 (Mo.App.1987). This requirement applies regardless of whether the motion court held a hearing or not. *Malone v. State*, 747 S.W.2d 695, 698 (Mo.App.1988).

Appellant contends that the findings addressed the issue of appellant's competence to assist in his own defense but did not address the issue of appellant's incompetence excluding responsibility. But the findings were sufficient to cover the points raised on the issue of ineffective assistance of counsel in permitting appellant to plead guilty because he allegedly suffered from a mental disease or defect. We hold that the findings and conclusions were not clearly erroneous and are sufficient to review whether counsel rendered ineffective assistance of counsel by "permitting" appellant to plead guilty to second degree murder whether or not the allegation of ineffectiveness dealt with movant's competency to assist in his defense or incompetency excluding responsibility. There is no requirement, and *Fields, supra*, did not require that all findings of fact and conclusions of law must follow a precise formula. If the findings and conclusions cover the issues raised so as to permit meaningful appellate review, that is sufficient. *McCoy v. State, supra*, 610 S.W.2d at 709; *Seltzer v. State*, 694 S.W.2d 778, 779 (Mo.App. 1985); *Kearns v. State*, 583 S.W.2d 748, 751 (Mo.App.1979); *Malone, supra*, 747 S.W.2d at 688. It has been held that "generalized findings" are sufficient if they enable the reviewing court to review the movant's contentions. *Seltzer, supra*, 694 S.W.2d at 779; *Malone, supra*, 747 S.W.2d at 698. Even the motion court's adoption of the state's motion to dismiss which set forth reasons, while not a preferable practice, has been held sufficient. *Malone, supra*, 747 S.W.2d at 701. The trial court concisely summarized the issues, found, after "meticulous" questioning that movant's plea was knowingly made, and found, after examining the psychiatric report of Dr. Herath, that the plea was voluntary. We find the findings adequate.

The findings, conclusions and judgment of the motion court are not clearly erroneous.

The judgment is affirmed.

PUDLOWSKI, C.J., and CARL R. GAERTNER, J., concur.