**Steven Wesley PARKUS, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 71521.**

Supreme Court of Missouri, En Banc.

Dec. 12, 1989.

Rehearing Denied Jan. 10, 1990.

Robert C. Wolfrum, Asst. Public Defender, St. Charles, for appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

DONALD B. CLARK, Special Judge.

Steven Parkus was convicted by a jury of first degree murder in the strangulation killing of another prison inmate. The death penalty was imposed in accordance with the jury verdict and the judgment was affirmed on appeal. *State v. Parkus*, 753 S.W.2d 881 (Mo. banc 1988), *cert. denied,* — U.S. ——, 109 S.Ct. 248, 102 L.Ed.2d 237 (1988). On June 30, 1988, Parkus filed a *pro se* motion for post-conviction relief pursuant to Rule 29.15. The motion was subsequently amended by appointed counsel, a hearing was conducted and relief was denied by the trial court. The appeal from that judgment is now considered pursuant to the policy of the Court concerning cases in which the sentence is death. We affirm.

In his first point, appellant asserts that the case should be remanded for re-hearing because the motion court denied appellant due process of law. This charge is based on the claim that the judge who presided at the motion hearing, and who was not the judge before whom the original trial had been held, failed to read the entire transcript of proceedings and evidence from the trial. Appellant says, citing *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), that an ineffective assistance of counsel claim must be examined based on the totality of the evidence, and that the motion court

cannot fulfill its decision-making function unless it is acquainted with all the evidence presented at trial.

In support of his contention that the motion court abdicated its responsibility, appellant refers to the court's remarks during the course of the hearing. In effect, the judge observed that he did not intend to read the full trial transcript but he would examine any portions called to his attention that were relevant to movant's ineffective assistance claims. Appellant does not contend that any of his claims in particular received less than full consideration by the motion court or that lack of familiarity with the trial evidence affected the court's decision on any point presented. The claim is simply an abstract assertion that in all post-conviction motion proceedings, the court is obligated to review the entire trial record.

The claim here is virtually incapable of review because of its amorphous nature and because the record does not disclose whether the judge did later review the entire transcript before issuing his decision, or only selected portions. It does appear from the record, however, that the judge did make extensive findings indicating his familiarity with the case and, in the process, dealt with each of appellant's motion contentions.

■ We assume appellant's contention to be that in each case of post-conviction review under Rule 29.15, the court is to be bound by a rigid formula of procedure dictating a re-examination of the trial without reference to what claims of ineffective assistance are made. A movant for relief under the rule has no such right to challenge the judgment entered on his motion. In *Strickland v. Washington*, 466 U.S. at 696, 104 S.Ct. at 2069, the court noted that the principles involved in claims of ineffective assistance do not establish mechanical rules. The ultimate focus of inquiry is on the fundamental fairness of the proceeding in which guilt was adjudicated. In like manner, the test of the post-conviction review itself must be measured by its fairness and not with its adherence to arbitrary dictates of procedure.

■ The appellant argues that he was deprived of a constitutional right of due process which he contends entitled him to a consideration of his claims based on the totality of the evidence presented at the trial. This argument misconceives the nature of postconviction remedies. A Rule 29.15 proceeding is not a second appeal, involving scrutiny of the trial record. The proceeding is confined to the points specifically presented by the movant. Counsel may properly be required to direct the trial court's attention to the portions of the trial record relied on in support of the claims made. No attempt was made to do this before the trial court, or here. The appellant has received all the process due him.

In this case, the record demonstrates that the motion court reviewed each of appellant's contentions and entered findings and conclusions. The contention that the process by which the motion court reached its judgment may be re-examined for error is rejected. Review is limited to a determination of whether the findings and conclusions are clearly erroneous, *Day v. State*, 770 S.W.2d 692 at 695 (Mo.1989). Where the judgment is not deficient on that ground, the inquiry is at an end.

■ In a second point, appellant contends that the motion court erred when it failed to find his trial counsel ineffective because he did not obtain a later test of appellant's intelligence level. The point is made in the context of the defense to the charge made at trial that appellant's borderline mental retardation resulted in diminished capacity. According to the psychiatrists who testified, Dr. Jayaratna on behalf of the state and Dr. Daniel as a defense witness, appellant tested at an I.Q. level between seventy-six and sixty-seven, depending on measurement of verbal skills or of manual dexterity. The assertion is that a competent attorney would have secured a third evaluation because a score below seventy indicates at least a mild mental retardation.

The motion court rejected the claim finding no evidence that a further examination would have disclosed any significantly dif-

ferent measurement of appellant's mental capacity and for the further reason that such a test would not have produced evidence bearing on the critical issue of whether appellant had the mental capacity to understand the nature and wrongfulness of his act and to plan and commit the offense.

In order to prevail on a claim of ineffective assistance of counsel, the defendant in a criminal case must show that his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances and that the defendant was thereby prejudiced. *Strickland v. Washington*, 466 U.S. at 687, 104 S.Ct. at 2064. Appellate review of the judgment made by the trial court on the post-conviction motion is limited to a determination of whether the findings and conclusions are clearly erroneous. *Day v. State, supra.* Such findings and conclusions are clearly erroneous only if, after review of the entire record, the court is left with the firm and definite impression that a mistake has been made. *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987).

The contention here that a third mental examination would somehow benefit appellant in the defense of the charge and in mitigation of punishment is sheer speculation. Even Dr. Daniel testified that based on the lower intelligence quotient score, appellant was competent to stand trial and to appreciate the wrongfulness of his act of homicide. Dr. Thomas Amolsch, who testified on behalf of appellant at the motion hearing, indicated he did not disagree with Dr. Daniel's findings, that more recent testing showed no significant difference in appellant's mental capacity and that intelligence quotient levels generally remained constant.

At both the guilt and punishment phases of appellant's trial, the jury was fully informed by the testimony regarding appellant's mental capacity and also about his previous life experiences which arguably had influenced his development. Defense evidence and the argument by counsel described appellant as suffering from borderline mental retardation. There is no basis to contend that testimony developed in consequence of a third mental evaluation, the product of which would not materially have varied from evidence already available, would have produced any different result. It follows, in consequence, that counsel was not ineffective for failing to obtain the third examination and that appellant has demonstrated no prejudice in the circumstances. The motion court did not clearly err when it denied relief on this ground.

In the same point, appellant also takes exception to the court's ruling which denied him the benefit at the motion hearing of testimony offered from an attorney who proposed to express an opinion on whether appellant's trial counsel had served ineffectively by not obtaining the additional mental examination. The motion court sustained an objection to this testimony. The ruling was correct. The ultimate issue before the motion court was effectiveness of trial counsel. In reaching that decision, opinion evidence is only pertinent if from want of knowledge or experience the court is not competent to make a judgment. *Lewis v. State*, 623 S.W.2d 562, 563 (Mo.App.1981). The court is at least as capable as another attorney in reaching a decision based on the evidence presented, and therefore the opinion of an attorney on the same subject is irrelevant and incompetent.

The judgment is affirmed.

BLACKMAR, C.J., and ROBERTSON, RENDLEN, HIGGINS, COVINGTON, and BILLINGS, JJ., concur.

HOLSTEIN, J., not participating because not a member of the Court when the case was submitted.