STATE of Missouri, Respondent,

v.

John A. WILLIAMS, Appellant.

No. 47675.

Missouri Court of Appeals, Eastern District, Division Two.

Aug. 8, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 18, 1984.

Theodore Guberman, Kandice Johnson, Laurence Schmidt, Hillsboro, for appellant.

John Ashcroft, Atty. Gen., John J. Oldenburg, Jr., John Morris, Asst. Attys. Gen., Jefferson City, for respondent.

CRIST, Presiding Judge.

Defendant appeals from his conviction, after a jury-waived trial, of first degree robbery and armed criminal action. He was sentenced, as a prior and persistent offender, to a term of life imprisonment for the robbery conviction and to five years for armed criminal action, to be served consecutively to each other and to all other sentences. We affirm.

Defendant's sole point on appeal challenges the sufficiency of the evidence. We view the evidence in the light most favorable to the state, disregarding all contrary evidence and inferences. *State v. Cole,* 662 S.W.2d 297, 299 (Mo.App.1983). As this was a circumstantial evidence case, the facts and circumstances must be consistent both internally and with defendant's guilt, excluding all reasonable hypotheses of defendant's innocence. *State v. Williams,* 652 S.W.2d 226, 227 (Mo.App.1983).

Victim's jewelry store was robbed on December 27, 1982 at approximately 7:30 p.m., by a male wearing a navy blue ski mask with orange-yellow circles around the eyeholes. The robber wore a brown-and-tan jacket, and carried a large revolver. Victim surrendered cash, in an amount under $60.00, and ten diamond rings with handwritten price tags attached, to the masked gunman, who then left the store. As he left, a patron drove up, saw the gunman leave the store and enter an Oldsmobile automobile. The patron followed that car, losing sight of it only when it turned into a subdivision the patron believed had only the one exit. The patron waited, the car re-appeared, and the patron resumed following him. The police then intervened, joining the chase, which ended shortly after the car "spun" upon failing to

make a turn. The occupants fled the car, and defendant was apprehended attempting to crawl under a boat.

Defendant, on his arrest, was wearing a brown and tan jacket, and was carrying .38 caliber ammunition. They found a .38 caliber revolver and a ski mask in the car. The coat, the mask, and the gun were identified as "similar" or "just like" those used by the assailant. Defendant had the diamond rings, with the attached handwritten price tags, in his pocket, and carried $57.00 and some change. He claimed ownership only of the change.

 This evidence was sufficient. Evidence of robbery and unexplained possession of the stolen property support an inference of guilt. *State v. Politte*, 654 S.W.2d 138, 139 (Mo.App.1983); *State v. Lockett*, 639 S.W.2d 132, 135 (Mo.App. 1982). Also supporting this inference is defendant's flight from the car after it was stopped and his attempt to conceal himself. This establishes a consciousness of guilt. *Lockett, supra.*

Judgment affirmed.

REINHARD, C.J., and SIMON, J., concur.