John Albert WILLIAMS,
Movant–Appellant,

v.

STATE of Missouri,
Respondent–Respondent.

No. 54473.

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 24, 1989.

Motion for Rehearing and/or Transfer
to Supreme Court Denied
Feb. 28, 1989.

Application to Transfer Denied
April 18, 1989.

Mark B. Moran, Asst. Public Defender, Clayton, for movant-appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

REINHARD, Judge.

Movant appeals from the denial of his Rule 27.26 motion after an evidentiary hearing. We affirm.

Movant was convicted of first degree robbery and armed criminal action in a jury-waived trial and sentenced as a prior and persistent offender to terms of life imprisonment for the robbery and five years for the armed criminal action; the sentences to be served consecutively with each other and all other sentences. He appealed his convictions and we affirmed. *State v. Williams,* 676 S.W.2d 845 (Mo. App.1984).

The facts in the case are set out generally in our opinion on direct appeal. Movant admitted at trial that he and his codefendant spent the day of the crime together starting at 9:00 a.m. He testified that the last thing he remembered prior to his arrest was his codefendant and he driving around and drinking. Movant was arrested around 8:00 p.m. He testified he recalled being arrested and the events occurring thereafter. At both the motion hearing and trial movant testified that he had been drinking most of the day of the crime. At trial he admitted to numerous prior convictions, some of which involved the use of a pistol. He stated at his motion hearing and trial that all of these crimes had been committed while he was drunk. He also testified at both that he had a long-standing drinking problem, i.e., that he was an alcoholic.

Movant's trial counsel cross-examined all the state's witnesses who had an opportunity to observe movant on the day of the crime, including eyewitnesses to the crime, as to whether movant exhibited signs of intoxication. In his defense, movant presented the testimony of a deputy who was on duty as a jailer when movant was booked. The deputy testified that when he saw movant three to four hours after the crime, movant appeared to be under the influence of alcohol or drugs; he emphasized movant's use of alcohol: "He had been drinking—that's for sure." Movant was the only other witness who testified for the defense and he testified as set forth above.

The legal file from the trial reveals that movant's trial counsel moved for the appointment of a psychiatrist to evaluate movant as support for his defense of mental disease or defect under § 562.086, RSMo 1986, and to evaluate movant's mental state at the time of the proceedings pursuant to Chapter 552, RSMo 1986. The trial court overruled this motion. The trial

transcript reveals that movant's trial counsel argued movant's intoxication and history of alcohol abuse as a mitigating factor at the close of trial.

In his Rule 27.26 motion and on appeal, movant contends his trial counsel was ineffective for failing to procure a psychiatric examination to the prejudice of his defense of intoxication negating specific intent as allowed under § 562.076, RSMo 1978,[1] for failing to investigate the case and for failing to discuss it with his codefendant. The motion court made findings of fact and conclusions of law in denying movant's motion.

■ Our review is limited to determining whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 27.26(j); *Richardson v. State*, 719 S.W.2d 912, 915 (Mo.App.1986). The motion court's findings, conclusions, and judgment are clearly erroneous only if a review of the entire record leaves the appellate court with a definite and firm impression that a mistake has been made. *Richardson*, 719 S.W.2d at 915. The motion court is not required to believe the testimony of a movant or any other witness at a Rule 27.26 hearing, and an appellate court must defer to the motion court's determination of credibility. The movant has the burden of proving his asserted grounds for relief by a preponderance of the evidence. *Armour v. State*, 741 S.W.2d 683, 688 (Mo.App.1987).

■ To prevail on an ineffective assistance of counsel claim, a movant must show that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). In determining whether counsel's performance was deficient, the inquiry must be whether counsel's assistance was reasonable, considering all the circumstances. The motion court should make every effort to eliminate the distortion wrought by hindsight and to evaluate the challenged conduct from counsel's perspective at the time of the conduct. There is a strong presumption that criminal defense counsel's conduct falls within "the wide range of reasonable professional assistance," and a movant must overcome the presumption that certain actions of counsel might be regarded as sound trial strategy. *Richardson v. State*, 719 S.W.2d 912, 915 (Mo.App.1986), *citing Strickland v. Washington*, 466 U.S. 668, 688–89, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984).

■ In this court-tried case, it appears to us that trial counsel attempted to inject movant's state of intoxication at the time of the crimes and before, to the fullest extent possible and in a manner which in effect supported an intoxication defense. The trial transcript makes it clear that the issue of movant's state of intoxication at the time of the crimes was before the court. Since the case was tried to the court, no instructions were submitted. Movant does not challenge his waiver of a jury trial. The evidence concerning the extent of movant's intoxication at the time of the crimes, his arrest and his booking at the jail was slightly conflicting and apparently the court resolved the issue against movant. Most of the evidence did not support movant's being sufficiently intoxicated to establish the defense.

In its findings and conclusions the motion court addressed movant's claims that his counsel was ineffective and thoroughly discussed the fact that trial counsel did not interview movant's codefendant. The court resolved the issue of trial counsel's effectiveness against movant.

Our review of this case leads us to conclude the motion court's findings and conclusions are not clearly erroneous.

Judgment affirmed.

CRANDALL, P.J., and CRIST, J., concur.

---

1. Section 562.076, RSMo 1978, was modified subsequent to movant's trial. *See* § 562.076, RSMo 1986.