**Samuel Cortez HAMM, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 54600.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 7, 1989.

Motion for Rehearing and/or Transfer to
Supreme Court Denied April 3, 1989.

Application to Transfer Denied
May 16, 1989.

Mary C. McWilliams, Asst. Public Defender, St. Louis, for appellant.

William L. Webster, Atty. Gen., Elizabeth L. Zeigler, Asst. Atty. Gen., Jefferson City, for respondent.

HAMILTON, Judge.

Movant was convicted of murder in the first degree (felony murder) in violation of Section 565.003 RSMo.1978, and sentenced to life imprisonment. His conviction was affirmed on appeal. *State v. Hamm,* 710 S.W.2d 335 (Mo.App.1986). Thereafter, Movant filed a Rule 27.26 motion that the trial court overruled following an evidentiary hearing. We affirm.

Although alleging numerous points of error on appeal, Movant essentially seeks to set aside his sentence on two grounds: first, that he was denied effective assistance of counsel by his trial attorney and second, that the trial court erred when it failed to make certain findings of fact and conclusions of law.

Judicial review of a Rule 27.26 motion is limited to a determination of whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Mo.R. Crim.P. 27.26(j); *Richardson v. State,* 719 S.W.2d 912, 915 (Mo.App.1986). Such findings, conclusions, and judgment are clearly erroneous if, upon a review of the entire record, "the appellate court is left with the 'definite and firm impression that a mistake has been made.'" *Foster v. State,* 748 S.W.2d 903, 905 (Mo.App.1988) (quoting *Stokes v. State,* 688 S.W.2d 19, 21 (Mo.App. 1985)).

To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that: (1) counsel's performance was deficient, that is, it was not reasonable under prevailing professional norms, and (2) movant was thereby prejudiced. *Strickland v. Washington,* 466 U.S. 668, 687–88, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Judicial review of counsel's performance must be very deferential in that

every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that

counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

*Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065.

■ Movant first claims trial counsel was ineffective during voir dire because he told the venire that "we are here for one reason, and that is because Sam Hamm refuses to plead guilty to this charge." Thus, Movant contends counsel conceded guilt. Viewed in the context of counsel's complete remarks to the jury panel, however, the statement was part of an explanation of the presumption of innocence to which a criminal defendant is entitled. Because that explanation accurately stated the law, it was not prejudicial.

■ Movant next contends counsel's failure to challenge venireman Miller for cause denied him effective assistance of counsel. Venireman Miller, whose son was prosecuting attorney for Ripley County, admitted that familiarity with a prosecutor's work, gained through discussions with his son, might cause him to favor the State. Under further questioning, however, Mr. Miller stated he thought he could be fair and impartial to the State and to the defendant, and he could follow the instructions of the court. Although Movant's counsel made no motion to strike the venireman for cause, he did exercise a peremptory strike to remove Mr. Miller from the panel. At the evidentiary hearing, counsel testified that he wanted to preserve the issue for a motion for new trial or for appeal. Hence, his failure to make a motion to strike for cause was strategic and, moreover, no prejudice resulted to Movant. *Porter v. State*, 682 S.W.2d 16, 19 (Mo.App.1984).

■ Movant further claims counsel was ineffective when he elicited testimony from a police officer concerning the booking photograph of Movant. Counsel noted the absence of the photograph from the prosecutor's file and, after the officer denied having it, counsel cross-examined him further,

inducing the officer to produce it. By this strategy, counsel highlighted the officer's evasiveness. No prejudice resulted for the photograph had been taken after Movant's arrest for the crime being prosecuted. As a matter of trial strategy, these actions fail to constitute ineffective assistance of counsel.

■ Nor was counsel ineffective when he stipulated that the victim died as a result of injuries caused when Movant's car struck her automobile. The State contended Movant struck the victim's car while attempting to flee the scene of a burglary he committed. Movant, however, denied he either committed the burglary or was driving his car when it struck the victim. Consequently, no prejudice resulted from the stipulation because Movant claimed someone else drove the car when it collided with the victim's automobile. Thus, the cause of death was immaterial to Movant's defense, and counsel's decision to stipulate to it was a matter of trial strategy.

Finally, Movant asserts his counsel rendered ineffective representation through nonfeasance: (1) the failure to interview the State's witnesses, (2) the failure to have an expert examine the State's fingerprint evidence, (3) the failure to object to the State's late endorsement of witnesses, (4) the failure to move for a mistrial or to request a continuance to permit an alibi witness to testify live at trial, and (5) the failure to object to an allegedly tainted in-court identification of Movant.

■ At the evidentiary hearing, counsel testified the police reports disclosed to him the anticipated testimony of the trial witnesses. He thus had no need to investigate or to interview these witnesses further in view of Movant's defense of mistaken identity. Moreover, an independent examination of the fingerprint was unnecessary because the defense on that evidence was to question whether it was obtained from the crime scene, not to deny it was Movant's print. Counsel does have a duty to make a reasonable investigation or to make a reasonable decision that makes a particular investigation unnecessary. *Strickland*, 466 U.S. at 691, 104 S.Ct. at 2066. In view of the defenses asserted by

Movant at trial, counsel's decisions were reasonable. Moreover, Movant proved no prejudice resulting from these decisions.

■ Trial counsel further testified he made no objection to the late endorsement of two witnesses for the State. The first witness was endorsed late because police reports erroneously identified her as Mr. Binsbacher, not Mrs. Binsbacher. She was, moreover, expected to testify to the same information contained in the police reports under the name Mr. Binsbacher. In addition, the State sought late endorsement of a fingerprint examiner from the police department who was the substitute for an examiner earlier endorsed. Counsel was familiar with the testimony of each witness and, more importantly, by agreeing to the State's late endorsements, the prosecutor made no objection to Movant's late endorsement of his alibi witness. Such strategy does not support a finding of ineffective assistance of counsel. *Porter v. State*, 682 S.W.2d at 18.

■ Movant asserts his counsel should have sought a continuance or a mistrial when Ms. Addison, his alibi witness, was hospitalized and unable to testify at trial. Her testimony, however, was presented to the jury through a taped deposition. Counsel testified that, because Ms. Addison was not a good witness, he considered her taped statement better than live testimony. Under these circumstances, counsel's decision to proceed with the defense by use of Ms. Addison's taped statement was a matter of trial strategy and no prejudice resulted.

■ The record demonstrates counsel's lack of objection to identifications of Movant by State's witnesses failed to constitute ineffective assistance of counsel. Mrs. Binsbacher was an eyewitness to the crime. Although she also identified Movant immediately prior to and during her trial testimony, defense counsel cross-examined her about these identifications, thus raising an inference that her memory of Movant at the crime scene might have been refreshed. Officer Weigel was the officer who booked Movant on the day of the crime. Although he had subsequently reviewed a booking photograph of Movant, Movant's counsel brought this fact to the attention of the jury. Had objection been made to these identifications, it would have been properly overruled.

Reliability is the key to determining the admissibility of identification testimony, and one factor to be considered is the opportunity of the witness to view the accused at the time of the crime. *State v. Williams*, 717 S.W.2d 561, 564 (Mo.App. 1986). Having a source of identification independent of any suggestive procedures and a positive in-court identification, as were present here, is sufficient to establish reliability. *State v. Hurst*, 612 S.W.2d 846, 851 (Mo.App.1981). Counsel, therefore, cannot be deemed ineffective for failure to make a non-meritorious objection to the identification of Movant. *Shaw v. State*, 686 S.W.2d 513, 516 (Mo.App.1985).

■ In the remaining points on appeal, Movant asserts the trial court failed to make findings of fact and conclusions of law as to several matters to which counsel made no objection. Movant claims, in each instance, that counsel's failure to object denied him effective assistance of counsel. Although Rule 27.26(i) requires the trial court to make findings of fact and conclusions of law on all issues presented, we have held that a "generalized finding that counsel's performance was not ineffective satisfies Rule 27.26(i), even if findings are not itemized to each matter pled; there is no need to remand for additional findings and conclusions if the record allows this court to determine the correctness of the motion court's action." *Ford v. State*, 748 S.W.2d 837, 838–39 (Mo.App.1988). The generalized findings of the trial court on Movant's claim of ineffective assistance of counsel permit us to review the matters raised.

■ None of these matters, however, was objectionable. Contrary to Movant's allegation, the prosecutor, in closing argument, did not erroneously define reasonable doubt as common sense; she did direct the jury to the instruction that defined reasonable doubt. Nor did the prosecutor comment upon the Movant's right not to testify. She merely admonished the jury it could consider only what it heard from the witness stand and from a tape recording presented by the defense. Moreover,

Movant points to no facts to show that the fingerprint was not obtained from the scene of the burglary. Hence, no basis exists to claim the trial court would have sustained an objection to the chain of custody or to this exhibit so as to alter the outcome of the trial. Movant's assertion that the fingerprint was planted at the crime scene merely raised credibility issues for the court to resolve. *Richardson v. State,* 719 S.W.2d at 915. Because the prosecutor never introduced Movant's clothing into evidence, counsel cannot be faulted for failure to object to the chain of custody. Nor was objection to or challenge for cause necessary with respect to veniremen Albrecht and Brauch. Each was removed from the venire by peremptory challenges. Finally, the prosecutor did not vouch for the State's witnesses in her closing argument. Her statements, being based upon the evidence, were proper. Movant's counsel, therefore, was not ineffective for failure to make non-meritorious objections. *Foster v. State,* 748 S.W.2d at 907.

JUDGMENT AFFIRMED.

DOWD, P.J., and SIMON, J., concur.