**Vincent BYERS, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 55374.**

Missouri Court of Appeals,
Eastern District,
Division Three.

May 9, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 7, 1989.

Application to Transfer Denied
Aug. 1, 1989.

Cheryl Rafert, St. Louis, for appellant.

William L. Webster, Atty. Gen., John P. Pollard, Asst. Atty. Gen., Jefferson City, for respondent.

HAMILTON, Judge.

Movant appeals denial of his Rule 24.035 motion following an evidentiary hearing. We affirm.

On October 19, 1987, Movant entered pleas of guilty to assault first degree, assault third degree, and tampering first degree. On November 20, 1987, the trial court sentenced him to concurrent prison terms of fifteen years for assault first degree, six months for assault third degree, and two years for tampering first degree.

Movant filed a Rule 24.035 motion on March 16, 1988. Following appointment of counsel to represent Movant and the filing of an amended motion, the motion court held a hearing at which both parties presented evidence. Thereafter, the motion court issued Findings of Fact and Conclusions of Law denying the motion and dismissing Movant's claims with prejudice. This appeal followed.

Movant asserts that the motion court erred in denying the Rule 24.035 motion because (1) Movant received ineffective assistance of counsel; (2) the information charging tampering first degree failed properly to charge a crime; and (3) Movant lacked an understanding of one of the consequences of his plea of guilty.

Judicial review of a Rule 24.035 motion is limited to "a determination of whether the findings and conclusions of the trial court are clearly erroneous." Mo.R.Crim.P. 24.-035(j). Such findings and conclusions are clearly erroneous only if review of the entire record leaves a definite and firm impression with the appellate court that a mistake has been made. *Richardson v.*

*State,* 719 S.W.2d 912, 915 (Mo.App.1986) (construing similar language in Rule 27.26 (repealed)).

In points one and three on appeal, Movant challenges the voluntariness of his pleas of guilty. In the first point, Movant asserts numerous instances of alleged ineffective assistance of counsel that he claims rendered his plea involuntary. In point three, he asserts his pleas were involuntary because he failed to understand one of the consequences of a plea of guilty.

■ Following a guilty plea, the effectiveness of counsel is relevant only if it affects the voluntariness of the plea. *State v. Motsinger,* 728 S.W.2d 633, 634 (Mo.App.1987). Moreover, absent a clear abuse of discretion, an appellate court will defer to the determination by the trial court that a defendant's plea was voluntary. *Darr v. State,* 723 S.W.2d 455, 456 (Mo.App.1986).

In addition, to prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his trial counsel's performance was deficient in that it was unreasonable under prevailing professional norms and that movant was thereby prejudiced. *Hamm v. State,* 768 S.W.2d 574, 577 (Mo.App.1989). Moreover, counsel's conduct enjoys a strong presumption that it was reasonable and that, "under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* (quoting *Strickland v. Washington,* 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984)).

■ Movant initially contends that his attorney was ineffective when she failed to advise him that, by pleading guilty, he waived his right to a jury trial. He further contends in point three that the failure to advise him of this consequence of pleading guilty rendered his pleas involuntary.

The motion court found that Movant's attorney advised Movant that he could try his case or plead guilty; that Movant had previously entered a plea of guilty; and that Movant knew of his right to trial and the consequences of pleading guilty. The

record supports these findings. For example, the guilty plea transcript demonstrates that Movant, who had an eleventh grade education, understood he had a right to trial by jury; personally decided to enter a plea of guilty after discussing witnesses and other information with his attorney; knew that, by pleading guilty, he was making an incriminating statement against himself; was instructed by his attorney as to the full range of punishment for each charge and the State's recommended sentence upon a plea of guilty; agreed that his attorney had done everything he asked her to do; and finally, was entering the pleas of guilty voluntarily and with understanding of their consequences. When he entered the pleas of guilty, Movant was neither under the influence of drugs or alcohol, nor suffering from any mental disease or illness. Moreover, the information charging tampering in the first degree reflects, and Movant concedes, that he pleaded guilty to a felony in 1982. Movant's trial counsel testified at the Rule 24.035 hearing that she advised all her clients of the consequences of a guilty plea. She counseled each client that he had to decide whether to go to trial or to enter a plea of guilty and what the consequences were of each course of action, including waiver of a jury trial if a plea were entered.

In denying relief as to the contention that Movant was not advised that his guilty pleas waived the right to a jury trial, the motion court necessarily found that Movant's testimony at the evidentiary hearing lacked credibility. *Jones v. State,* No. 55316, 772 S.W.2d 778, 779 (Mo.App.1989). It chose instead to believe the testimony of Movant's trial counsel at that hearing and the information elicited at the guilty plea hearing. Because this decision is within the province of the motion court, we defer to its assessment of credibility. *Brummell v. State,* No. 55151, 770 S.W.2d 379, 381 (Mo.App.1989).

■ Movant next alleges his trial counsel was ineffective in failing to present alibi witnesses and in failing to submit a notice of intent to rely on an alibi defense. Both allegations lack merit. Movant has

failed either to allege or to prove prejudice resulting from these omissions. *Strickland v. Washington*, 466 U.S. 668, 697, 104 S.Ct. 2052, 2069–70, 80 L.Ed.2d 674 (1984). Because Movant chose to plead guilty rather than proceed to trial, notification and presentation of an alibi defense became unnecessary.

■ Movant also alleges his attorney was ineffective for failing to depose the victims of the crimes charged against him. Here again, Movant fails to allege or to prove that any prejudice resulted from this alleged nonfeasance. Trial counsel did depose one victim. A second victim, no longer living in Missouri, was not a state's witness. The third victim, although subpoenaed for deposition, failed to appear. At the guilty plea hearing, Movant stated that he had discussed witnesses and other information with counsel before deciding to plead guilty and that his counsel had done everything he asked. The motion court found trial counsel decided, based upon her investigation, that depositions of two of the three victims would have no value and that trial strategy prompted her decision. The motion court's determination was not clearly erroneous because Movant failed to rebut the strong presumption that trial counsel's conduct might be regarded as sound trial strategy. *Williams v. State*, 766 S.W.2d 681, 683 (1989).

Movant claims his trial counsel coerced him into pleading guilty when she told him a prior assault conviction would be used against him at trial, even if he did not testify. The record reflects, however, that counsel was unaware of any prior assault conviction until after Movant filed his Rule 24.035 motion. Hence, counsel could not possibly have coerced Movant by use of this conviction when he pleaded guilty. Moreover, at the guilty plea hearing, Movant stated no one threatened him to plead guilty. The record supports the trial court's finding on this issue.

■ Movant next asserts his counsel was ineffective for failing to challenge both his arrest for first degree assault, which occurred one month after the crime was committed, and the show-up. The motion court found that the arrest, having occurred within the statute of limitations period for that crime, was lawful, and that the show-up was not unduly suggestive because the victim who identified appellant had previously lived with him. These findings, supported by the record, were not clearly erroneous. Moreover, Movant waived these nonjurisdictional defects when he pleaded guilty. *Chamberlain v. State*, 721 S.W.2d 139, 140 (Mo.App.1986).

■ In his final allegation of ineffective assistance of counsel, Movant contends trial counsel coerced him to plead guilty by refusing to call his witnesses if he chose to proceed to trial and by telling him he had no defense if he went to trial. Although Movant further claims that a remand of these issues is necessary because the motion court failed to make findings of fact and conclusions of law with respect to them, we hold that where the claims are unsupported by substantive evidence, the trial court commits no error in failing to make findings of fact and conclusions of law. *Gawne v. State*, 729 S.W.2d 497, 501 (Mo.App.1987) (construing similar language contained in Rule 27.26 (repealed)).

■ Substantive evidence in this case demonstrates no coercion by trial counsel. The motion court found that Movant failed to meet his burden to demonstrate he had received ineffective assistance of counsel. At the guilty plea hearing, Movant said he discussed the charges with his counsel and, afterward, he decided to plead guilty; he received no threats or promises to cause him to plead guilty; and his counsel did everything he asked of her. At the evidentiary hearing, trial counsel testified that she was prepared to try the cases even in the absence of Movant's witnesses; that, although she attempted to subpoena the witnesses, they avoided service; and on the trial date, when Movant was given the opportunity to talk to the witnesses by telephone, they refused to testify on his behalf. The record thus refutes any claims that counsel coerced Movant's guilty pleas. Moreover, the motion court's findings are sufficient to permit meaningful appellate

review. *Francks v. State*, 721 S.W.2d 182, 184 (Mo.App.1986).

█ In his final point on appeal, Movant asserts that failure to include the name of the owner in the information charging tampering first degree rendered that information fatally defective and thus deprived the trial court of jurisdiction. We disagree. In *State v. Bailey*, 760 S.W.2d 122, 126 (Mo. banc.1988), the Supreme Court held that, because Section 569.080.1(2), RSMo. (1986), which sets forth the elements of tampering in the first degree, fails to require the name of the vehicle's owner, the trial court committed no error in permitting the state to proceed on an indictment that omitted the owner's name. Where, as here, the information is substantially consistent with the approved charge for tampering in the first degree, MACH 23.21, it is not defective. *Bailey*, 760 S.W.2d at 124.

Judgment affirmed.

DOWD, P.J., and SIMON, J., concur.