**STATE of Missouri, Respondent,**

v.

**Charles ROBERTS, Appellant.**

**Charles ROBERTS, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 53666, 56271.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Sept. 12, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 4, 1989.

Application to Transfer Denied
Nov. 14, 1989.

Stormy B. White, Asst. Public Defender, Clayton, for appellant.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for respondent.

HAMILTON, Presiding Judge.

In this consolidated appeal, Charles Roberts (hereinafter Roberts) appeals his conviction by a jury of assault first degree and

the dismissal of his Rule 29.15 motion. We affirm both the conviction and the dismissal of the Rule 29.15 motion.

On September 20, 1986, Maplewood Police Officer George Ross and Reserve Officer Donald Diester arrested Roberts and transported him to the booking room of the Maplewood Police Department. During the booking procedure, Roberts was abusive and combative, struggling with and threatening Officer Ross. During this struggle, Officer Ross' uniform was torn, and a bone in his hand was broken when it hit the corner of the table. Assisted by Officer Diester and Patrick Crowley, the Maplewood dispatcher, Officer Ross was able to subdue and handcuff both of Roberts' hands.

Department policy of the Maplewood Police required a prisoner who was involved in an altercation or in violent physical contact to be taken to a medical facility either to receive treatment or to determine his fitness for confinement. Pursuant to that policy, the Maplewood police officers transported Roberts to St. Louis County Hospital in an ambulance. Roberts remained handcuffed and was belted to a padded bench in the rear of the ambulance. David Balkenbush, an ambulance attendant, sat next to Roberts; John Sullivan, a Maplewood police officer summoned to assist, sat in a jumpseat facing Roberts. During the ride to the hospital, Roberts verbally abused Officer Sullivan.

Upon arriving at the hospital, Balkenbush released the seat belt that strapped Roberts to the bench and stepped to the rear of the ambulance to open the rear door. As this happened, Roberts stood up and lunged at Officer Sullivan, jumping on him and knocking him into the corner of the ambulance. As he lunged at Officer Sullivan, Roberts threatened him, stating in a cold, level voice, "You are dead...." Roberts repeatedly grabbed at the holster and gun of Officer Sullivan. Finally able to move to the side and partially on top of Roberts, Officer Sullivan struck him on the head two or three times with the barrel of his revolver. With the assistance of the ambulance driver and attendant, Officer Sullivan restrained Roberts who was then taken to the hospital for treatment. Roberts was later arrested by a Clayton police officer.

Officer Sullivan was subsequently taken to Deaconess Hospital where he received treatment for injuries to his back. Since receiving these injuries, he has been unable to return to work in the police department.

Roberts was thereafter charged in an amended information and tried before a jury on three counts: attempted escape from custody, assault in the first degree (a Class B felony), and assault in the third degree. The jury acquitted Roberts of the first charge and convicted him of assault in the first degree and assault in the third degree, assessing punishment for the latter charge to be confinement for ninety days. The trial court denied Roberts' motions for judgment of acquittal. Thereafter, the trial court sentenced Roberts, as a prior offender, to consecutive prison terms of fifteen years for assault in the first degree and ninety days for assault in the third degree.

In this appeal, Roberts contends the trial court erred (1) in overruling his motion for acquittal on the charge of assault in the first degree because the State produced insufficient evidence to support that charge, and (2) in dismissing his Rule 29.15 motion that asserted trial counsel was ineffective for failing to object to certain testimony.

To determine the sufficiency of the evidence to sustain a conviction, we must consider as true all direct and circumstantial evidence and all reasonable inferences therefrom most favorable to the State. *State v. Anderson,* 663 S.W.2d 412, 414 (Mo.App.1983). Additionally, we must disregard all inferences and evidence to the contrary. *Id.* This court functions not to substitute its judgment for that of the jury, but to determine whether the evidence, viewed most favorably to the State, is sufficient to make a submissible case. *State v. Mayes,* 654 S.W.2d 926, 928 (Mo.App. 1983) (relying on *State v. Cain,* 507 S.W.2d 437, 438 (Mo.App.1974)).

■ Roberts argues that the State's case fails for lack of proof that he attempted to commit an act which could cause death or serious physical injury. Specifically, Roberts contends that merely grabbing for Officer Sullivan's gun, without possessing or controlling it, and lunging at Officer Sullivan could not have caused death or serious physical injury to the officer.

We find Roberts' arguments without merit. The evidence demonstrates Roberts had an intent to cause death or serious physical injury to Officer Sullivan. He lunged at the officer, pushed him into the corner of the ambulance, repeatedly grabbed at his revolver, and orally threatened to kill him. These actions permit an inference of the requisite intent. *State v. Koetting*, 691 S.W.2d 328, 330 (Mo.App. 1985). These same movements also constituted an effort by Roberts to cause at least serious physical injury to Sullivan. Moreover, although Roberts' attempts to obtain the gun were unsuccessful, the evidence supports a conclusion that he had an apparent ability to seize the revolver and inflict harm. One of the two ambulance attendants who helped to restrain Roberts testified that without their intervention there would have been "great danger to us all."

Because the State presented sufficient evidence to establish that Roberts attempted to kill or cause serious physical injury to Officer Sullivan, we hold the trial court committed no error in denying Roberts' motion for judgment of acquittal.

■ Roberts next asserts the motion court erred in dismissing his Rule 29.15 motion. In particular, Roberts alleged his trial counsel was ineffective for failing to object to the relevancy of testimony by Officer Sullivan about back injuries he received in the altercation with Roberts and about his related inability to work. The motion court, finding this testimony relevant to the charge of assault in the first degree, also found no ineffectiveness of counsel for failure to object to it.

Appellate review of a Rule 29.15 motion is "limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 29.15(j).

The findings, conclusions, and order of the trial court are clearly erroneous only if a review of the entire record leaves the appellate court with a definite and firm impression that a mistake has been made. *Moton v. State*, 772 S.W.2d 689, 691 (Mo. App.1989).

To establish ineffective assistance of counsel, a movant must demonstrate that (1) counsel's performance was unreasonable under prevailing professional norms, and (2) movant was thereby prejudiced. *Hamm v. State*, 768 S.W.2d 574, 576 (Mo. App.1989). A review of the record discloses the correctness of the motion court's ruling that Officer Sullivan's testimony regarding his injuries was relevant to the charge of assault in the first degree. Although the State needed only to prove Roberts attempted to cause serious physical injury, by adducing evidence that Roberts actually caused injury sufficiently serious to preclude Officer Sullivan's return to work, the State more than met its burden. Moreover, this testimony was also relevant to establish the requisite elements of the lesser included offense, assault in the second degree. *See* MAI CR2d 19.04.2–84. Because the evidence was relevant, counsel's failure to object was not prejudicial to Roberts and, therefore, it failed to constitute ineffective assistance of counsel. Point denied.

The judgment of the trial court is affirmed.

CARL R. GAERTNER and STEPHAN, JJ., concur.