**William FRANKS, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 56686.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Jan. 9, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 6, 1990.

Douglas W. Hartig, Asst. Public Defender, Clayton, for appellant.

William L. Webster, Atty. Gen., Ronald L. Jurgeson, Asst. Atty. Gen., Jefferson City, for respondent.

SIMON, Chief Judge.

William Franks, movant, appeals the denial of his motion to vacate, set aside or correct his sentence, pursuant to Rule 24.-035, on his plea of guilty without an evidentiary hearing. He plead guilty to assault in the second degree, § 565.060 (RSMo Cum. Supp.1984) and armed criminal action, § 571.015 (RSMo 1978) on November 4, 1988. Pursuant to a plea agreement, he was sentenced to concurrent terms of fifteen years imprisonment on each count.

Initially, movant filed a *pro se* motion to vacate, set aside or correct the sentence. Counsel was appointed and filed an amended motion and request for an evidentiary hearing. Subsequently, the motion court made its findings of fact, conclusions of law and entered its order granting in part and denying in part movant's motion. The motion court granted movant's motion in that it clarified that movant was not sentenced pursuant to § 558.019 (RSMo 1986) (hereinafter all further references shall be to (RSMo 1986) unless otherwise noted), which sets minimum prison terms for certain repeat offenders. Movant's request for an evidentiary hearing was denied as well as his remaining allegations.

Movant appeals contending that the motion court erred in denying his motion without an evidentiary hearing because his guilty plea was involuntary due to the ineffective assistance of his counsel. Movant alleges that he was told that he would not be subject to classification pursuant to § 558.019, that he would only receive one fifteen year sentence and that he was guaranteed to be paroled in five years.

On review, we are limited to a determination of whether the findings, conclusions and judgment of the motion court are clearly erroneous. Rule 24.035(j). The motion court's findings, conclusions and order are clearly erroneous only if a review of the entire record leaves a definite and firm impression that a mistake has been made. *Byers v. State,* 772 S.W.2d 802, 803 (Mo. App.1989). To be entitled to an evidentiary hearing on a Rule 24.035 motion, movant must plead facts, not conclusions, which if true would entitle him to relief, and such factual allegations are not refuted by the record in the case, and the matters complained of must have resulted in prejudice to movant's defense. *Short v. State,* 771 S.W.2d 859, 863[2] (Mo.App.1989).

To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his trial counsel's performance was deficient in that it was unreasonable under prevailing professional norms and that movant was thereby prejudiced. *Byers,* 772 S.W.2d at 804[1]. In guilty plea situations, the effectiveness of counsel is relevant only to the extent that it affects the voluntariness of the plea. *Short,* 771 S.W.2d at 864[4, 5]. Movant may attack only the voluntary and intelligent nature of the guilty plea by showing that the advice he received from counsel was not within the reasonable prevailing standards that a reasonably competent attorney would exercise under similar circumstances. *Id.* Moreover, absent a clear abuse of discretion, we will defer to the determination by

the trial court that a defendant's plea was voluntary. *Byers*, 772 S.W.2d at 804[1]. A movant will be entitled to an evidentiary hearing on the issue of the voluntariness of his plea where the record of the guilty plea proceeding does not conclusively show his plea was made voluntarily or knowingly. *Reeder v. State*, 712 S.W.2d 431, 433[6, 7] (Mo.App.1986).

The record of the guilty plea reveals that the sentencing judge extensively questioned movant to determine if he understood the nature of the offenses with which he was charged and the sentence that he would receive under the plea agreement. The court asked movant if he understood that he was being charged as a persistent offender under § 558.016, to which movant replied that he did not think his persistent offender status would be brought into the hearing. Both the court and the state then explained to movant that he was not being sentenced under § 558.019, which enhances the percentage of time required to be served by certain persistent offenders, but was being sentenced as a persistent offender under § 558.016, which extends the possible range of punishment for class C felonies to fifteen years, but does not change the offender's parole eligibility. After this explanation, movant stated that he understood that he was to be sentenced as a persistent offender and what that entailed.

Furthermore, prior to pronouncing sentence and judgment, the court again asked movant if he understood that the range of punishment for second degree assault, enhanced by persistent offender status, was up to fifteen years, and that the range of punishment for armed criminal action was a minimum of three years to life imprisonment. Movant unequivocally stated that he understood the possible range of punishment under the plea agreement.

The court also asked movant on several occasions if he was satisfied with his attorney's representation on this matter and whether promises or threats by anyone had induced his guilty plea. Movant responded that he was satisfied with his representation and had not been threatened or promised anything in return for his guilty plea.

Additionally, after the court imposed sentence in accordance with the plea agreement, movant specifically stated that he understood "concurrent" to mean running together and then stated, "so there's two 15–year sentences run together." Moreover, the court later asked movant if the sentence imposed was what he expected under the plea agreement, to which movant responded affirmatively.

The record amply demonstrates that movant's plea was voluntary in that he understood that he was subject to § 558.016 as a persistent offender, that he understood that he was to receive two concurrent fifteen year sentences and that he had not been promised anything in exchange for his guilty plea. Under these circumstances, the motion court's findings of fact, conclusions of law and order are not clearly erroneous, and the motion court did not err in denying movant's Rule 24.035 motion without an evidentiary hearing.

Judgment affirmed.

DOWD, P.J., and JOSEPH J. SIMEONE, Senior Judge, concur.