**John Patrick WOLF, Jr., Movant,**

v.

**STATE of Missouri, Respondent.**

**No. 56426.**

Missouri Court of Appeals,
Eastern District,
Division Two.

May 29, 1990.

Mary K. Anderson, Columbia, for movant.

William L. Webster, Atty. Gen., John P. Pollard, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

John Patrick Wolf, Jr., appellant, was charged with two counts of murder first degree and one count of armed criminal action. Sections 565.020 and 571.015 RSMo 1986. Pursuant to a plea agreement appellant pled guilty to two counts of murder second degree and one count of armed criminal action. This is an appeal from his Rule 24.035 motion for post-conviction relief. The trial court denied relief. This court affirms.

Appellant contends he received ineffective assistance of counsel in violation of Art. I, § 18(a), Missouri Constitution, and the Sixth and Fourteenth Amendments to the United States Constitution. Appellant claims his trial counsel failed to "adequately investigate and prepare a defense for appellant, thereby compelling appellant to plead guilty rather than proceed to trial with ineffective and unprepared counsel who did not investigate a complete defense to the charged offense." Appellant asserts his guilty plea was, therefore, involuntary.

■ This court's review of the dismissal of appellant's Rule 24.035 motion for post-conviction relief is limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous. *Day v. State*, 770 S.W.2d 692, 695 (Mo. banc 1989); Rule 24.035(j).

■ Furthermore, since appellant's criminal conviction is based on a plea of guilty, any issue as to the ineffectiveness of counsel is relevant only for purposes of ascertaining whether the plea of guilty was made voluntarily. *McGinnis v. State*, 764 S.W.2d 653–654 (Mo.App.1988); *Gawne v. State*, 729 S.W.2d 497, 499 (Mo.App.1987). By pleading guilty, appellant waived all claims of ineffective assistance of counsel except to the extent they made the plea involuntary. *McGinnis*, 764 S.W.2d at 654. "Moreover, absent a clear abuse of discretion, an appellate court will defer to the determination by the trial court that a defendant's plea was voluntary." *Byers v. State*, 772 S.W.2d 802, 804 (Mo.App.1989) citing *Darr v. State*, 723 S.W.2d 455, 456 (Mo.App.1986).

To prevail on a claim of ineffective assistance of counsel, appellant must demonstrate his trial counsel's performance was deficient in that it was unreasonable under prevailing professional norms and the appellant was prejudiced. *Hamm v. State*, 768 S.W.2d 574, 576 (Mo.App.1989). In addition, trial counsel's conduct is given a strong presumption of reasonableness and the challenged action "might be considered sound trial strategy." *Hamm*, 768 S.W.2d at 577 quoting *Strickland v. Washington*, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984).

■ Appellant complains his trial counsel failed to investigate circumstances of appellant's case which could have provided possible trial strategies and defenses. Appellant contends his trial counsel was informed about the existence of witnesses but failed to contact those persons. Appellant contends this failure to "adequately interview witnesses who would have established a defense, *if proved*, entitles the movant to relief." (Our emphasis). Appellant also contends his trial counsel inadequately informed him of the evidence against him because trial counsel did not provide appellant with police reports and "spent less than four hours talking with appellant about his case...."

The trial court took judicial notice of the files in the underlying criminal case. These files included a transcript of proceedings of the guilty plea hearing in appellant's criminal case. At the evidentiary hearing appellant, appellant's father and the trial counsel testified.

The trial court ruled that the trial counsel's failure to interview witnesses did not prejudice appellant even "to the extent the record may have hinted that the movant's trial attorney failed to exercise the care and skill of a reasonably competent lawyer rendering similar services under the existing circumstances." The evidence which led to appellant being charged with two counts of first degree murder and one count of armed criminal action included: (1) appellant entered the victims' home armed with the intent to commit robbery; (2) appellant made two videotape statements to the police admitting to the commission of the crimes; (3) a psychiatrist adjudged appellant to be competent to stand trial and ruled out the defense of diminished capacity or mental defect; and (4) at least one witness was ready to testify appellant admitted to her he had committed the crimes.

In light of the available evidence appellant has failed to prove prejudice from trial counsel's failure to interview witnesses or investigate further the circumstances of appellant's case. Appellant has not shown how these omissions would have "established a defense, if proved...." At the plea hearing appellant acknowledged his counsel had done everything requested. Because appellant chose to plead guilty rather than proceed to trial, the establishment of an identified defense became unnecessary. The motion court found trial counsel decided, based on appellant's decision to plead guilty, that further investigation and interviewing of witnesses would have no value. Furthermore, appellant has not shown how his independent review of police records prior to the guilty plea prejudiced him. The motion court's determination was not clearly erroneous because appellant failed to rebut the strong presumption that trial counsel's conduct might be regarded as sound strategy. *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065.

 Appellant's final claim that trial counsel's conduct rendered his plea involuntary is also without merit. The guilty plea transcript demonstrates appellant understood he had a right to trial by jury; personally decided to enter a plea of guilty after discussing with his attorney the evidence against him; knew by pleading guilty, he was making an incriminating statement against himself; was instructed as to the full range of punishment for each charge and the state's recommended sentence upon a plea of guilty; agreed his attorney had done everything he asked him to do; and finally, was entering the pleas of guilty voluntarily and with understanding of their consequences. When he entered the pleas of guilty, appellant was neither under the influence of drugs or alcohol, nor suffering from any mental disease or illness.

The motion court believed the testimony of appellant's trial counsel at the hearing and the information elicited at the guilty plea hearing. Because this decision is within the province of the motion court, we defer to its assessment of credibility. *Brummell v. State*, 770 S.W.2d 379, 381 (Mo.App.1989).

Judgment affirmed.

PUDLOWSKI, P.J., and CRANDALL, J., concur.