**Percy BELL, Movant,**

v.

**STATE of Missouri, Respondent.**

**No. 58225.**

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 13, 1991.

Melinda K. Pendergraph, St. Louis, for movant.

William R. Webster, Atty. Gen., Barbara J. Wood, Asst. Atty. Gen., Jefferson City, for respondent.

ORDER

PER CURIAM.

Percy Bell, appeals denial of Rule 24.035 post conviction relief after an evidentiary hearing. Movant was sentenced to serve a term of seven years in accord with a negotiated plea of guilty to the charge of rape. Section 566.030.3 RSMo 1986.

■ Movant alleges his sentence and conviction should be vacated because: (a) he is not guilty of the offense; and (b) his plea was not voluntary because it was based upon ineffective assistance of counsel. He assigned six deficiencies of defense counsel, most of which depended upon proving failure of counsel to investigate matters related to the charge. The

first claim is factually without merit. Motion counsel presented evidence at the motion hearing that movant admitted committing the crime. He told his defense counsel he "did it and they caught me at it."

■ We review the factual allegations of ineffective assistance of counsel in the motion only to determine their effect, if any, on voluntariness of the plea of guilty. *Wolf v. State*, 790 S.W.2d 261, 262 (Mo. App.1990). During the plea proceedings, movant affirmed he understood the charge and range of punishment. He testified he was not induced by fear or favor, and the plea was freely, voluntarily and intelligently made with a full understanding of the charge and the consequences of the plea. On these facts the plea waived any complaint based on counsel's failure to investigate. *Sanders v. State*, 770 S.W.2d 447, 448 (Mo.App.1989).

The findings, conclusions and judgment of the motion court are not clearly erroneous. Rule 24.035(j); *Day v. State*, 770 S.W.2d 692, 695 (Mo. banc 1989), *cert. denied*, — U.S. ——, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989).

Accordingly, we affirm. Rule 84.16(b).