**Marvin D. GOAD, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 45772.**

Missouri Court of Appeals,
Western District.

Nov. 10, 1992.

Marcie W. Bower, Columbia, for appellant.

William L. Webster, Atty. Gen., Hugh L. Marshall, Asst. Atty. Gen., Jefferson City, for respondent.

Before TURNAGE, P.J., and BRECKENRIDGE and HANNA, JJ.

HANNA, Judge.

On September 20, 1990, movant, Marvin Dewane Goad, was charged with murder in the first degree (Count I), robbery in the first degree (Count II) and armed criminal action (Count III). A change of venue transferred the case from Cape Girardeau County to Boone County. In exchange for the state's promise to drop Counts II and III and to pursue only two of four aggravating factors present in the case, defendant pled guilty to murder in the first degree. The court sentenced movant to life imprisonment without eligibility for probation or parole. This is an appeal from the trial court's denial without a hearing of movant's post-conviction motion.

On July 24, 1991, movant filed a *pro se* motion for post-conviction relief pursuant to Missouri Supreme Court Rule 24.035. Counsel for movant filed a first amended motion and request for evidentiary hearing. The state responded with a motion for summary judgment. The motion court issued an order granting the parties until December 13, 1991 to file briefs and proposed orders on the state's motion for summary judgment.

On December 9, 1991, the state submitted its proposed order to the motion court and on December 10, 1991, the court adopted the state's proposed order denying movant relief on his Rule 24.035 motion without an evidentiary hearing. The movant submitted his proposed order on December 13, 1991. This appeal follows.

Movant raises two points on appeal: (1) that the motion court's verbatim adoption of the state's proposed order before he had filed his response violated his right to due

process of law [1]; and (2) that the court's denial of movant's Rule 24.035 motion without an evidentiary hearing violated his right to effective assistance of counsel guaranteed by the sixth and fourteenth amendments. Specifically, he claims his attorney advised him the law would change and he would be released from custody in fifteen years.

 The motion court's verbatim adoption of the state's proposed order before the timely filing of movant's proposed order while not a desirable practice, was neither reversible error nor a denial of movant's right to due process of law. It is within a court's discretion to adopt the entirety of a party's proposed findings. *Kaiser v. Pearl*, 670 S.W.2d 915, 919 (Mo. App.1984). A court may even adopt such findings of fact and conclusions of law verbatim without *per se* error occurring. *Stelling v. Stelling*, 769 S.W.2d 450, 452 (Mo.App.1989). As long as, there are no inconsistencies between the findings of fact and the actual facts, and the findings and conclusions are sufficiently specific to permit meaningful review, there is no error. *Kaiser*, 670 S.W.2d at 919; *Malone v. State*, 747 S.W.2d 695, 699 (Mo.App.1988). When the proposed findings of fact and conclusions of law respond to each and every allegation made and when it is clear from the record that the motion court carefully examined each allegation, the verbatim adoption of the state's proposed findings would be an appropriate option. As the Missouri Court of Appeals has stated before:

> The preferable practice is for the trial court to prepare its own specific findings of fact and conclusions of law so as to better insure that all issues raised are addressed and that erroneous allegations of a fact or law made in a state's motion are not incorporated in a court order.

*Malone*, 747 S.W.2d at 699. This is not to suggest that the practice of requesting and receiving proposed findings of fact and conclusions of law from counsel for the parties should be discontinued. Proposed findings and conclusions have always been and will continue to be of valuable assistance to the court in arriving at an expeditious and correct decision.

Upon careful review of the record, we find no discrepancies between the facts found in the record and those contained in the order adopted by the court. In fact, the motion court's order sets forth a complete and very detailed findings of fact and conclusions of law. As a result, its order responds to each of the movant's grounds for vacating, setting aside, or correcting his conviction and sentence. The motion court's order clearly shows that each of movant's claims were considered, reviewed and scrutinized. Such a thorough review refutes movant's claim of error and denial of due process.

For movant to prevail on his second claim of ineffective assistance of counsel, he "must demonstrate that his trial counsel's performance was deficient in that it was unreasonable under prevailing professional norms and that [he] was thereby prejudiced." *Franks v. State*, 783 S.W.2d 437, 438 (Mo.App.1990); *Byers v. State*, 772 S.W.2d 802, 804 (Mo.App.1989). In guilty plea situations, such as the present case, "the effectiveness of counsel is relevant only to the extent that it affects the voluntariness of the plea." *Id.* at 438; *Short v. State*, 771 S.W.2d 859, 864 (Mo. App.1989). Therefore, movant "may attack only the voluntary and intelligent nature of the guilty plea by showing that the advice he received from counsel was not within the reasonable prevailing standards that a reasonably competent attorney would exercise under similar circumstances." *Id.* at 438.

 When a convicted movant complains of the ineffectiveness of counsel's assistance, the movant must show that counsel's representation fell below an objective standard of reasonableness under the prevailing professional norms and "absent a clear abuse of discretion, an appellate court will

---

1. On this point the appellant focuses his argument on the verbatim adoption of the state's proposed order. He does not cite any authority or claim any prejudice because the court adopted the prosecutor's order before the appellant filed his proposed findings and conclusions.

defer to the determination by the trial court that a movant's plea was voluntary." *Byers,* 772 S.W.2d at 804.

■ This brings us to movant's second claim concerning the motion court's determination of the voluntariness of movant's plea and the denial of his Rule 24.035 motion without an evidentiary hearing. In guilty plea situations, "[a] movant will be entitled to an evidentiary hearing on the issue of voluntariness of his plea where the record of the guilty plea proceeding does not conclusively show his plea was made voluntarily or knowingly." *Franks,* 783 S.W.2d at 439; *Reeder v. State,* 712 S.W.2d 431, 433 (Mo.App.1986).

After review of the record, pleadings, transcripts and files of the guilty plea, we agree with the motion court's finding that movant's plea was freely and voluntarily made. The record of the guilty plea hearing refutes movant's claim that he was mislead by his attorney concerning the future change of the law that would release him from prison in fifteen years. The sentencing judge specifically discussed the range of punishment with the movant, his counsel, Mr. Jimerson and the attorney for the state, Mr. Swingle. This exchange occurred as follows:

Judge: As you know, the range of punishment is either the death penalty or life imprisonment without probation or parole.

Goad: Yes, your Honor.

Judge: Knowing that, are you sure you want to enter a plea of guilty to the charge?

Goad: Yes, your Honor.

Judge: And have you had plenty of time to talk with your lawyer about this?

Goad: Yes.

Judge: As well as your family?

Goad: Yes, your Honor.

 * * * * * *

Judge: And is that the deal that the state has made?

Jimerson: Yes, your Honor.

Judge: The dismissal of the other two charges and the agreement by the State not to file the two additional aggravating circumstances on the death penalty question. You understand that, Mr. Goad?

 * * * * * *

Goad: Yes, your Honor.

Swingle: There were no other offers by the State, your Honor.

Judge: Okay. And no other promises have been made by anyone to get you to plead guilty; is that correct?

Goad: No, sir.

Judge: That's correct?

Goad: Yes, sir.

Judge: All right. And has anyone coerced you or threatened you in any manner to get you to plead guilty?

Goad: No.

Judge: So you understand then, by pleading guilty, there is only two options. One is the death penalty. The other is life without probation or parole.

Goad: Yes.

In addition to this exchange, the Petition to Enter Plea of Guilty signed under oath by movant contained the following wording:

11. My lawyer informed me that the range of punishment is life without parole to Death ...

 * * * * * *

13. If anyone else made any promises or suggestions, except as noted in the previous sentences, I know that he has no authority to do it.

Similar exchanges and testimony by defendants have been sufficient to find voluntary guilty pleas. *See,* e.g., *Franks,* 783 S.W.2d at 439; *Pines v. State,* 778 S.W.2d 724 (Mo.App.1989); *Batson v. State,* 774 S.W.2d 882 (Mo.App.1989).

In *Franks v. State, supra,* at 438, the movant who pled guilty to assault and armed criminal action later claimed that his lawyer had promised him that he would be paroled within five years. The Missouri Court of Appeals affirmed the motion court's denial of his claim, holding that the claim was refuted by the questioning of the trial judge showing that the movant under-

stood the range of punishment. *Id.* at 439. The facts of *Franks* as compared to the present case seem remarkably similar and as a result, the rationale of the *Franks* court is aptly suitable to the present case. Therefore, when the "record amply demonstrates" that movant's plea was voluntary in that he understood that he was subject to either a life sentence without possibility of parole or the death penalty "and that he had not been promised anything in exchange for his guilty plea," then the motion court's findings of fact, conclusions of law and order are not clearly erroneous. *Id.*

■ It is well-settled that where a record was made when the movant's guilty plea was entered and accepted, which was sufficient to show that the plea was made voluntarily with understanding of the nature of each charge and that the record conclusively shows that movant was not entitled to relief from the sentence, the conviction would be insulated from subsequent attack in a post-conviction proceeding. *Colbert v. State,* 486 S.W.2d 219, 221 (Mo.1972). As a result, the motion court did not err in denying movant's Rule 24.035 motion without an evidentiary hearing.

Judgment affirmed.

All concur.